Kenworth Trucks Philadelphia, Inc. and Joseph M. Scheidley, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued October 10, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*D. Barry Gibbons*, with him *Edward M. Foley, Gibbons, Buckley, Smith, Palmer and Proud*, for appellants.

*Harold H. Cramer*, Assistant Attorney General, with him *Ward T. Williams*, Chief Counsel, Transportation, and *Harvey Bartle, III*, Acting Attorney General, for appellee.

OPINION BY JUDGE BLATT, January 29, 1981:

Kenworth Trucks Philadelphia, Inc. (Kenworth) and Joseph M. Scheidley (Scheidley) appeal from the suspension of their right to inspect motor vehicles which was imposed by the Department of Transportation (DOT) pursuant to Section 4724(a) of the Pennsylvania Motor Vehicle Code (Code), Act of June 17, 1976, P.L. 162, 75 Pa. C. S. §4724(a).[1]

On August 24, 1978, Kenworth, an authorized inspection station, repaired and inspected a Hertz truck for which the driver did not possess the owner's card and Kenworth, therefore, informed Hertz that the inspection could not be completed without submission of the card. The following day, the driver produced the card and requested permission to remove the truck, but, because the certified inspection mechanic who had performed the inspection was ill and not at work that day, Scheidley, Kenworth's service manager, who was also a certified inspection mechanic, reviewed the previous day's inspection by way of a cursory reinspection and instructed a clerical employee to write the inspection up in the inspection book. While the inspecting mechanic was listed on the official inspection sheets as the one who performed the inspection, Scheidley's signature appeared on the sticker which was placed with the owner's card in the glove compartment of the truck but which should have been affixed to the truck's windshield.

DOT imposed a six-month suspension of Kenworth's certificate of appointment pursuant to Sec-

---

[1] Section 4724(a) states in pertinent part:

The department ... shall suspend the certificate of appointment issued to a station ... which has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the department.... Any suspended certificate of appointment and all unused certificates of inspection shall be returned immediately to the department.

tion 4724(a) and of Scheidley's certification as an official inspection mechanic pursuant to Section 4726 for "furnishing an inspection sticker."

Upon appeal, and after a trial de novo, the Court of Common Pleas of Delaware County made findings of fact different from those made by the Bureau and concluded that the appellants' failure to affix the certificate of inspection to the vehicle window was a violation of the required inspection procedure, and, as such, was a faulty inspection requiring the imposition of a three-month suspension rather than the violation of furnishing an inspection sticker with its mandated six-month penalty.

Kenworth and Scheidley appealed to this Court, but DOT neither appealed nor cross-appealed and any consideration as to the reimposition of the six-month suspension decreed by the Bureau is not before us. Although the court below cannot modify the penalty imposed by the Bureau when its findings of fact and conclusions of law are identical to those of the Bureau, where, as here, it makes different findings of fact and conclusions of law, it does not abuse its discretion by altering the penalty. *Commonwealth of Pennsylvania, Department of Transportation v. Kobaly*, 477 Pa. 525, 384 A.2d 1213 (1978).

In all inspection certificate suspension cases, of course, our scope of review is limited to a determination as to whether or not the findings below are supported by competent evidence or an error of law was committed. And, the order of the court below will generally not be disturbed on appeal absent a showing of manifest abuse of discretion. *Department of Transportation v. Verna*, 23 Pa. Commonwealth Ct. 260, 351 A.2d 694 (1976).

The questions before us on appeal, therefore, are: (1) whether or not the court below was in error in concluding that the appellants' failure to affix the in-

spection sticker to the vehicle's windshield was a faulty inspection, for which a three-month suspension of inspection privileges is mandated, or merely a breach of certificate of inspection security, for which a warning is the appropriate penalty, and (2) whether or not the court below erred in suspending Kenworth's inspection privileges because of a technical violation of DOT's regulations by one of its employees.

Appellants argue that the violation was a de minimus infraction of DOT regulations and, therefore, at most an "improper certificate of inspection security" for which DOT regulations mandate merely a warning.

Section 4724(a) of the Code provides in pertinent part that:

The department ... shall suspend the certificate of appointment issued to a station ... which has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the department.

Section 4728 of the Code provides that "[t]he appropriate certificate of inspection shall be affixed to the vehicle as specified in regulations adopted by the department."

Section 489.3 of the department regulations, 67 Pa. Code §489.3,[2] deals with certificate of inspection security and it addresses, among other things: unlawful possession, non-transferability, removal, proper employer control under lock and key, and conditions controlling entrustment to employees. It does not, however, deal with affixing stickers to vehicles, which procedure is governed by Section 489.1(f),[3] which is preceded by Section 489.1(a)[4] and this latter section

---

[2] Presently found at 7 Pa. B. 3584 (1977).

[3] Presently found at 7 Pa. B. 3583 (1977).

[4] Id.

provides that "[a]ny deviation or change in the following procedure shall be considered a faulty inspection and the certificate of inspection shall be void." The appellants argue that this language establishes the voiding of the certificate of inspection as the sole penalty, but we must disagree with such a reading of the regulation. Section 489.1(a) unequivocally states that failure to follow the outlined procedure *is* a faulty inspection, and Section 490.1[5] provides that a faulty inspection calls for a three-month suspension of the inspection privileges of the official inspection station, while the voiding of the certificate of inspection is a concomitant penalty which impacts upon the owner of the vehicle rather than upon the inspection station.

The appellants' second contention also fails because it is well established as an application of the general law of agency that inspection station operators are strictly responsible for the conduct of their employees relative to the inspection of motor vehicles. *Department of Transportation, Bureau of Traffic Safety v. Searer*, 50 Pa. Commonwealth Ct. 468, 413 A.2d 1157 (1980). This, coupled with the fact that the three-month suspension for a faulty inspection is, under Section 490.1, to be imposed against the official inspection station, makes it clear that Kenworth is responsible for the act of its employee, Scheidley.

We must hold, therefore, that the lower court decision be affirmed.

#### ORDER

AND, Now, this 29th day of January, 1981, the order of the Court of Common Pleas of Delaware County imposing a three-month suspension of the certificate of appointment of Kenworth Trucks

---

[5] Presently found at 7 Pa. B. 3586 (1977).

Philadelphia, Inc. and of the certification as an official inspection mechanic of Joseph M. Scheidley is affirmed and they are ordered to surrender the aforementioned certificates to the Department of Transportation for a period of three months.