Mike Milanovich, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs May 5, 1982, to Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Marion E. Popiel,* for appellant.

*Benjamin B. Wechsler, II,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, June 2, 1982:

The question in this auto inspection case is whether the Allegheny County Court of Common Pleas, in dismissing the appeal of petitioner Milanovich from a three-month suspension of his official auto inspection station certificate, did so on the basis of substantial evidence to support Administrative Judge PAPADAKOS' findings that, as to a 1970 Chevrolet reinspected by the state police eight days and 396 miles after Milanovich had issued an inspection certificate to it, there were:

— certain defects (missing chromium strip and battery holddown, one bald tire and defective taillight and backup light) which were *not* proved by the department to have existed at the time of inspection, but

— other defects, consisting of six substantial rust holes and a cracked brake hose, *which did exist* at the time of Milanovich's inspection,

— as well as a brake lining thickness discrepancy, 4/32nds inch instead of the 7/32nds inch recorded by Milanovich with respect to the same left rear wheel, suggesting failure actually to inspect that wheel.

As a matter of law, there is no dispute that, as to the defects found to have existed at the time of inspection, the cracked brake hose would constitute a violation, as would the rust holes, which would contravene Pennsylvania Vehicle Equipment and Inspection Regulations, 67 Pa. Code §175.133(a), *as amended;* and a fictitious recording of a brake lining inspection would, of course, be a violation.

Thus the sole question is whether or not there was substantial evidence presented to support the above findings of the trial judge. *Commonwealth v. Walker. Pontiac, Inc.,* 488 Pa. 575, 578, 413 A.2d 375, 376 (1979); *Kenworth Trucks v. Department of Transportation,* 56 Pa. Commonwealth Ct. 352, 355, 425 A.2d 49, 51 (1981).

Even though a key element of the case, evidence to establish that the defects existing at the time of reinspection also were present when the official inspection was made, was embodied entirely in expert opinion testimony, we must conclude that such evidence was substantial, and that the trial judge fairly considered and weighed the questions of credibility, which are exclusively within his province. *Walker Pontiac.*

With respect to the rust holes and the cracked brake hose, the department's expert witness, an inspection station supervisor of the state police, presented definite opinion testimony that the defects were such as could not have occurred within the intervening time period and distance and therefore existed at the time of inspection. The department presented testimony from the automobile owner, concerning the normal nature of the automobile use during the interval, as corrobative background.

With respect to the brake lining thickness discrepancy, Milanovich's testimony agreed with the state witness on the point that 396 miles of driving would not have resulted in brake lining being worn down to the extent stated. The trial judge chose not to give equal weight to Milanovich's testimony concerning possible alternative explanations for the brake lining wear.

Because firsthand testimony concerning the vehicle condition at the time of official inspection is not

likely to be available except when the police employ preplanned test inspections, there must be reliance upon credible opinion testimony to meet the needs of the situation. Other cases, in which the department failed to present any evidence concerning the pre-existence of the defects, are not comparable.

Because Judge PAPADAKOS displayed a fair and logical approach in distinguishing among the types of defects, and in giving Milanovich the benefit of all factors reasonably in his favor, we affirm the decision as based upon substantial evidence.

ORDER

Now, June 2, 1982, the order of the Common Pleas Court of Allegheny County, dated December 2, 1980, is affirmed.