Masqueliers Service and Louis A. Masquelier, Appellants v. Commonwealth of Pennsylvania, Department of Transportation, Appellees.

Submitted on briefs October 4, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Sanford S. Finder,* for appellants.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellees.

OPINION BY JUDGE ROGERS, January 27, 1983:

Masqueliers Service, a partnership engaged in the business of conducting a motor vehicle sales agency and garage, and Louis A. Masquelier, a partner of Masqueliers Service, has each appealed from an order of the Court of Common Pleas of Washington County upholding the actions of the Pennsylvania Department of Transportation suspending Masqueliers Service as an official inspection station and suspending Louis A. Masquelier as an official inspection mechanic.

The trial judge found that one Marjorie Dillon purchased a 1977 Ford van from Masqueliers Service on or about May 9, 1980, agreeing to pay for it in installments. At that time Masqueliers Service issued her a temporary registration card which expired on July 9, 1980. Masqueliers Service admits that it thereafter failed to effect permanent registration because Mrs. Dillon was behind in her payments. On January 26, 1981 Masqueliers Service by Louis A. Masquelier officially inspected the van and affixed a certificate of inspection although the registration to Dillon had

expired. For this act, Masqueliers Service's certification as an official inspection station and Louis A. Masquelier's certification as an inspection mechanic were both suspended for three months.

The trial judge also found that on or about July 28, 1980, one Karen Schultz purchased a 1975 Chevrolet coupe from Masqueliers Service, again on installment. Masqueliers Service issued to Schultz a temporary registration card which expired on September 28, 1980 and no permanent registration was completed because Schultz was behind in her payments. On December 29, 1980, the appellants inspected the coupe although there was no extant registration. For this the certification of both appellants were suspended for one year, to run concurrently with the suspensions imposed for the wrongful inspection of the Dillon van.

The appellants first contend that the department erred as a matter of law in treating the two violations as separate offenses because they were both discovered on the occasion of the same inspection of the station. This contention is without foundation in law. A department regulation at 67 Pa. Code §175.221(4), provides:

> In the case of multiple violations considered at one time, the Department will impose separate penalties for each violation as required by the schedule. However, in the case of multiple violations considered at one time, the Department may, in its discretion, direct that any suspensions imposed under the schedule be served concurrently.

The appellants cite Section 4727(a) of the Vehicle Code, Act of June 17, 1976, P.L. 162, as amended, 75 Pa. C. S. §4727(a), reading:

(a) Requirements prior to inspection—No vehicle, . . ., shall be inspected unless it is duly registered or titled in this Commonwealth or in any other jurisdiction. . . .

They argue that, while it is true that the vehicles were not registered when they were inspected and they were not then titled to the owners, Dillon and Schultz, they were, as all vehicles are, titled to someone.

The statute requires vehicles when inspected to be duly registered or duly titled. In this case, the vehicles were neither duly registered nor duly titled. The appellants concede that they were not duly registered. With respect to whether they were duly titled, we note that the Vehicle Code dos not define the word "titled" but that it requires at 75 Pa. C. S. §1101(a), that

every owner of a vehicle which is in this Commonwealth and for which no certificate of title has been issued by the department shall make application to the department for a certificate of title of the vehicle.

Moreover when, as here, a dealer sells a motor vehicle, the dealer is required to "mail or deliver the application [for a certificate of title] to the department within ten days of the date of purchase." 75 Pa. C. S. §1103(d). The appellants concede that they failed to apply for titles for Dillon and Schultz. Hence, the Dillon and Schultz vehicles were not duly titled when the appellants inspected them.

Order affirmed.

ORDER

AND Now, this 27th day of January, 1983, the order of the Court of Common Pleas of Washington County in the above matter is affirmed.