Bob Wark's Arco, Inc., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs December 15, 1982, to Judges Rogers, Craig and MacPhail, sitting as a panel of three.

*John M. Burns, Shralow & Newman,* of Counsel: *Arthur S. Karafin,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

Opinion by Judge Craig, February 9, 1983:

This is an appeal from an order of the Court of Common Pleas of Montgomery County, which sustained the order of the Pennsylvania Department of Transportation (DOT) suspending the official auto inspection station certificate of Bob Wark's Arco, Inc.

(Wark's) pursuant to Section 4724(a) of the Vehicle Code.[1] DOT suspended Wark's certificate for three months based upon the faulty inspection of a 1975 Chevrolet and for twelve months based upon the faulty inspection of a 1973 Volkswagen, the suspensions to run concurrently. After the inspection by Wark's, a state trooper had inspected each of the two cars and found defects which would have caused failure of a proper inspection.

Wark's argues that the trial judge committed reversible error by: (1) refusing to admit Wark's offered business records, (2) admitting prejudicial hearsay, (3) refusing to admit the testimony of Wark's expert witness, and (4) denying Wark's motion for a directed verdict.

Following our scope of review in this type of case,[2] we must reverse and remand to the trial court.

Wark's argues that the refusal to admit its offered business records was error. The records contained notations which Wark's mechanics, who testified at trial, had made immediately after their inspections of the two cars involved in this case. Because the trial court has discretion over the admission of business records, we will not disturb its decision absent a clear abuse of that discretion.[3] We find no such abuse here, and furthermore, because the offered records were

---

[1] Act of June 17, 1976, P.L. 162, *as amended*, 75 Pa. C. S. §4724(a).

[2] "Our scope of review where the trial court hears the matter *de novo* is limited to determination of whether or not the court based its findings of fact on substantial evidence or committed an error of law." *Cariola v. Department of Transportation, Bureau of Traffic Safety*, 66 Pa. Commonwealth Ct. 360, 362, 444 A.2d 827, 828 (1982).

[3] *Henderson v. Zubick*, 390 Pa. 521, 136 A.2d 124 (1957); *In Re: Wildoner*, 268 Pa. Superior Ct. 271, 407 A.2d 1351 (1979).

merely corroborative of the testimony of Wark's witnesses, the refusal to admit them was harmless.[4]

Wark's next argues that the trial court committed reversible error by permitting a witness, Trooper Brennan, to testify about what a third party told him about the Chevrolet and by permitting the introduction of an inspection rejection card purportedly written by that third party.

Trooper Brennan was permitted to testify, over strong objection, about a phone conversation he had with John Gross, a mechanic who had inspected and failed the Chevrolet the day before Wark's inspected and passed it. The trial court also permitted the introduction of an inspection rejection card that John Gross had purportedly completed after failing the Chevrolet and given to Trooper Brennan.

This evidence was clearly hearsay.[5] It served to establish that the Chevrolet was in a defective condition, specifically that it had a rusted and leaking exhaust system, at the time of Wark's inspection. Although the trial court, from Trooper Brennan's testimony that the system was defective when he inspected the car six days after Wark's inspection, apparently concluded that the defects had then been in existence longer than six days, we cannot say that admission of such damaging hearsay was harmless.

Wark's also contends that the trial court erred by refusing to permit its expert, Robert Wark, Sr., to testify regarding his opinion of the length of time it would have taken for the defects observed by the state

---

[4] *Kubit v. Russ*, 287 Pa. Superior Ct. 28, 429 A.2d 703 (1981).

[5] "Hearsay is an extrajudicial utterance offered to prove the truth of the matter asserted therein...." *Commonwealth v. Rhodes*, 272 Pa. Superior Ct. 546, 554, 416 A.2d 1031, 1035 (1979). Here DOT offered the evidence to prove the truth of what the third party told the trooper and of what was written on the rejection card; therefore both items of evidence were hearsay.

troopers to have developed. The witness had not personally inspected the two cars, and the trial court stated in its opinion that there was no "reason to believe that this was an area suitable for expert testimony."

The trial court did not have the benefit of our decision in *Milanovich v. Commonwealth*, 67 Pa. Commonwealth Ct. 24, 445 A.2d 1337 (1982), where we clearly approved the necessity for, and therefore the admissibility of, opinion testimony in these cases. "Because firsthand testimony concerning the vehicle condition at the time of official inspection is not likely to be available except when the police employ preplanned test inspections, there must be reliance upon credible opinion testimony to meet the needs of the situation."[6]

The admission of expert testimony, like the admission of business records, is within the discretion of the trial court;[7] however, the limit of that discretion is exceeded where, as here, the ruling prohibits the introduction of evidence that is proper and essential to a party's case.[8] Of course, the expert, whose qualifications here were stipulated, was not required to base his opinion on firsthand knowledge.

We need not address Wark's argument concerning the denial of the directed verdict motion because we conclude that the trial court's admission of prejudicial

---

[6] 67 Pa. Commonwealth Ct. at 24, 445 A.2d at 1338.

[7] *Laubach v. Haigh*, 433 Pa. 487, 252 A.2d 682 (1969); *Griffith v. Clearfield Truck Rentals, Inc.*, 427 Pa. 30, 233 A.2d 896 (1967); *Department of Transportation v. WWSW Radio, Inc.*, 34 Pa. Commonwealth Ct. 287, 383 A.2d 552 (1978).

[8] *Densler v. Metropolitan Edison Co.*, 235 Pa. Superior Ct. 585, 345 A.2d 758 (1975). See also *Rutter v. Northeastern Beaver County School Dist.*, 496 Pa. 590, 437 A.2d 1198 (1981); *Bialek v. Pittsburgh Brewing Co.*, 430 Pa. 176, 242 A.2d 231 (1968); *Walsh v. Brody*, 220 Pa. Superior Ct. 293, 286 A.2d 666 (1971).

hearsay and its refusal to allow Wark's expert to testify compel us to reverse and remand the case.

### ORDER

Now, February 9, 1983, the order of the Court of Common Pleas of Montgomery County, dated October 5, 1981, is reversed and the case is remanded for a new hearing.