James J. McDonough, Comly Motors, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs January 31, 1985, to Judges CRAIG and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Samuel F. Pepper, Pepper, Winderman, Gordon & Breen, P.C.,* for appellant.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, March 13, 1985:

Petitioners James J. McDonough and Comly Motors appeal from an order of the Court of Common Pleas of Philadelphia County in a trial de novo affirming a ruling of the Department of Transportation, Bureau of Traffic Safety, which permanently suspended McDonough as an official inspection mechanic and Comly Motors as an official inspection station, based upon a departmental finding of 104 separate instances of fraudulent recordkeeping and 104 separate instances of furnishing a certificate of inspection without an inspection. 67 Pa. Code §§175.51(a)(ii) and (iii) (formerly §175.221). Because there is no factual dispute and no error of law, we affirm.

Petitioner McDonough is the owner and operator of petitioner Comly Motors in Philadelphia. On February 3, 1982, Trooper Gerald Roberts of the State Police, while auditing petitioners' inspection records, found that 104 stickers, attesting that inspections had been performed, had been recorded as being issued on *future* dates in that month of February.

Petitioner McDonough admitted at trial that he fraudulently recorded the inspections:

However, as it appears on the inspection sheet, if I would have wrote out 102 stickers in one day and signed my name to it, I would be in a lot of trouble. So, rather than do that, I tried to space them out over a period of time, not realizing that I was running into other days. In other words, I was out-dating the inspections. I had done the inspections and, you know, dated them wrong, your honor.

Based on this admission, the trial court affirmed the administrative ruling and declined to decide, as superfluous, the question of whether the Commonwealth proved that the inspections had not been performed.

The department decision was to impose a permanent suspension for each of the two categories of offenses even though the findings page, attached to the suspension letter, stated only (a) suspensions in terms of years for 104 instances of furnishing a certificate without inspection, while imposing (b) a one-year suspension for the first instance of fraudulent recordkeeping, three years suspension for the second such instance and a permanent suspension for each of the remaining 102 counts of fraudulent recordkeeping.

In this appeal, petitioner McDonough does not dispute the fact that the state police auditor discovered 104 instances of fraudulent recordkeeping. However, he raises several issues of law.

First, in view of the penalty schedule at 67 Pa. Code §175.51(a), which prescribes a one-year suspension for the first fraudulent recordkeeping violation and a permanent suspension for a second one, should the group of 104 instances be treated as a single aggregate violation, not warranting a permanent suspension?

This contention is not well founded. The department, when considering multiple violations in a single case, must impose separate penalties for each violation but has *discretion* in deciding whether any suspensions shall run concurrently. 67 Pa. Code §175.51-(d), *Masqueliers Service v. Department of Transportation*, 71 Pa. Commonwealth Ct. 420, 454 A.2d 1193 (1983).

Secondly, petitioner argues generally that the penalties for the violation should have been made concurrent. As noted above, making penalties concurrent is at the discretion of the department. 67 Pa. Code §175.51(d). Obviously, concurrent suspensions would have no logical meaning if a permanent suspension is well founded.

Thirdly, because the departmental findings, contrary to the penalty schedule, did not arrive at a permanent suspension until reaching the *third* recordkeeping violation, was that erroneous as a matter of law in the light of 67 Pa. Code §175.51(c) which provides that the determination of "second and subsequent" violations is to be made "on the basis of previous violations in the same category within a three-year period"?

However, the word "subsequent," as used in section 175.51(c), refers simply to the numbers which come after "2"; it does not mean "later in time." The three-year period is a maximum and here, of course, all of the violations occurred within such a period.

The penalty schedule in these regulations, 67 Pa. Code §175.51(a), warrants a permanent suspension for two fraudulent recordkeeping violations. The department's attribution of that same penalty only at the point of the third violation was a departure from the schedule, but it effected no difference in the end result.

Finally, because the trial court did not make any findings as to the performance of inspections, did that difference between the trial court's and the department's findings mean that the judge was compelled to affirm the department's penalty without modification?

The petitioners correctly note that, in *Kenworth Trucks Philadelphia, Inc. v. Department of Transportation, Bureau of Traffic Safety,* 56 Pa. Commonwealth Ct. 352, 425 A.2d 49 (1981), a case dealing with an inspection station and inspection mechanic's suspension, we held, citing *Commonwealth of Pennsylvania, Department of Transportation v. Kobaly,* 477 Pa. 525, 384 A.2d 1213 (1978), that, where the trial court makes different findings of fact and conclusions of law, "it does not abuse its discretion by altering the penalty." 56 Pa. Commonwealth Ct. at 355, 425 A.2d at 51. Here the department apparently imposed the permanent suspensions of both the license and the certificate on the basis of its permanent suspension decision under the fraudulent recordkeeping charge. Although the department initially listed suspensions only in terms of years for the failure-to-inspect violations, its final decision obviously treated them as merged into the greater permanent suspension penalty under fraudulent recordkeeping. Having matched the department's findings which were the basis for its greater penalty of permanent suspension, the trial judge did not need to go further.

Therefore, we affirm the permanent suspensions.

184

ORDER

Now, March 13, 1985, the order of the Court of Common Pleas of Philadelphia County, dated March 29, 1983, is affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.