## PennDOT v. Delcane

*Thomas J. Hines*, for plaintiff.
*G. Eugene Beechwood*, for defendant.

WOOD, J., October 25, 1986—

### ADJUDICATION

Defendant has appealed a decision by the Department of Transportation to suspend permanently his right to apply for certification as an official inspection station. Following a hearing de novo, I make the following

### FINDINGS OF FACT

1. On February 19, 1986, defendant became the owner of Delcane Sunoco at the intersection of Routes 100 and 113 in Lionville, Pa.

2. Before February 19, 1986, the premises was owned by Susan Welham and was known as the Lionville Tire Center. When owned by Welham, the station was certified as an official inspection station.

3. In mid-January, defendant applied to the Department of Transportation for certification as an official inspection station, but his signature on the application was in the wrong place and it was returned to him. Defendant reapplied for certification on February 24, 1986.

4. When the business was transferred from Welham to defendant, Welham left her certificate of appointment and unused inspection stickers at the station for defendant to use.

5. Between February 19, 1986 and March 7, 1986, defendant performed 10 inspections and used 10 of the stickers left behind by Welham. These inspections were done by a certified inspection mechanic.

6. On March 7, 1986, Trooper Timothy Markley of the Pennsylvania State Police, conducted an investigation of the station and reported a number of violations of the regulations governing official inspection stations. Specifically, the sections reported as violated were: 67 Pa. Code §§175.24 (1,2,3); 175.43(d); 175.29(b-1)(d-1); 175.43(b); 175.21 (c,d); 175.42(d); 175.42(e).

7. Trooper Markley submitted subsequent reports on March 25, 1986 and June 2, 1986 in which he recited that, in addition to violations listed in the March 7, 1986 citation, defendant had violated 67 Pa. Code §§175.28 and 175.26.

8. The Department of Transportation held a hearing on the alleged violations on May 19, 1986. Defendant did not attend.

9. By letter dated June 16, 1986, the Department of Transportation informed defendant that his application of February 24, 1986 for certification as an official inspection station had been "disapproved" for the following reasons:

"Not all tools as required under § 175.26 of the department regulations. No certified mechanic as required under section 175.28 of the department regulations."

10. By letter dated June 23, 1986, the department notified defendant that his right to apply for certification as an official inspection station was suspended,

"for a period of one year for first count and permanent each for each of the remaining nine counts of receiving certificates of inspection without an inspection; three months for first count and one year for second count and three years each for each of the remaining eight counts of faulty inspection, and one year for first count and permanent each for each of the remaining nine counts of fraudulent record keeping, effective June 23, 1986."

11. Although defendant should have made inquiry as to his right to act as an official inspection station, he did not act to defraud or deceive when he continued to do inspections on Mrs. Welham's certificate.

## DISCUSSION

There is no evidence in the record, either in the citations issued or in testimony at the hearing de novo, that defendant violated the regulations for which the department permanently suspended his right to apply for certification, namely "receiving certificates of inspection without an inspection . . . , faulty inspection . . . , and fraudulent record-keeping." The record does show that defendant violated 75 Pa.C.S. §4725(a) and certain of those regulations cited by Trooper Markley in his citations of March 7, 1986 and June 2, 1986. Those violations consist of: 67 Pa. Code §175.24, failure to promi-

nently display certificate of appointment, inspection fee and list of mechanics; §175.43(d), failure to keep inspection stickers under lock and key; 175.29(b-1), failure to notify the bureau of a change of ownership of the station and to surrender all unused certificates; §175.42(d), improper record keeping; §175.21, representing the premises to be an official inspection station without a valid certificate of appointment issued by the bureau; and §175.26, failure to have the requisite tools in an official inspection station.

Although the department urges the court to consider the issuance of each inspection sticker to be a separate violation, I do not think the number of stickers issued is significant for punishment purposes, in view of the lack of fraudulent intent.

According to Department of Transportation v. Sortino, 75 Pa. Commw. 541, 462 A.2d 925 (1983), and Commonwealth v. Kobaly, 477 Pa. 525, 384 A.2d 1213 (1978), the trial court, upon finding facts different from the Bureau of Motor Vehicles, may properly revise the penalty assessed by the bureau.

Accordingly, guided by the schedule entitled duration of suspension in 67 Pa. Code §175.51, I conclude that defendant's right to apply for certification shall be suspended for a period of three months for failure to notify the department of change of ownership and three months for improper recordkeeping. There appear to be no penalties imposable for the other violations.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of this matter.

2. Defendant has violated those sections of the Pa. Code detailed above, and should be suspended for the periods indicated.

## ORDER

And now, this October 24, 1986, defendant's right to apply for certification as an official inspection station is hereby suspended for a period of six months.