557 A.2d 1167

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Joseph E. Altier, Sr., Appellee.

Submitted on briefs December 20, 1988, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 1, 1989:

The Department of Transportation, Bureau of Motor Vehicles (DOT), appeals two Lackawanna County Common Pleas Court orders[1] reversing its suspensions of Joseph Altier, Sr., and Joseph Altier, Jr.'s inspection mechanic certificates. We affirm.

Following an administrative hearing, DOT permanently suspended the official inspection station certification[2] of Pioneer Auto and the mechanic's certificate[3] of

---

[1] The appeals were consolidated pursuant to this Court's July 26, 1988 Order.

[2] Section 4724(a) of the Vehicle Code, 42 Pa. C. S. §4724(a).

[3] Section 4726 of the Vehicle Code, 75 Pa. C. S. §4726.

its owner, Joseph Altier, Sr. DOT also suspended Altier, Jr.'s mechanic's certificate for one year. The suspensions were imposed for furnishing certificates of inspection without an inspection *and* for fraudulent recordkeeping. The common pleas court concluded that the suspensions were not properly imposed because the violations stemmed from the Altiers' alleged failure to inspect three specific vehicles which later proved to have been inspected. DOT contends that the common pleas court erred in reversing the suspensions because the Altiers' admittedly incomplete inspections otherwise established fraudulent recordkeeping violations. We disagree.

In a de novo appeal, the trial court is limited to determining whether the person charged has committed the violation for which the sanction was imposed. *Department of Transportation, Bureau of Traffic Safety v. Verna*, 23 Pa. Commonwealth Ct. 260, 351 A.2d 694 (1976). If the trial court makes findings of fact or conclusions of law differing from those made by DOT, the court may then modify the imposed penalty. *Department of Transportation, Bureau of Traffic Safety v. Kobaly*, 477 Pa. 525, 384 A.2d 1213 (1978). The violation at issue here, fraudulent recordkeeping, occurs when a recorded entry is false, entered intentionally and with deceit. *Department of Transportation, Bureau of Driver Licensing v. Midas Muffler Shop*, 108 Pa. Commonwealth Ct. 199, 529 A.2d 91 (1987).

In this case, the common pleas court found that the Altiers admitted noting in their official inspection records that they had performed *complete* inspections despite their failure to remove the tires while inspecting the brakes. However, the court reasoned that this admitted infraction could not "jump back and fill the void" on the failure-to-inspect charge, which the court found to be meritless. (Opinion, p. 8.) While our review of the caselaw reveals situations where the trial court has per-

missibly reduced a fraudulent recordkeeping charge to the lesser *improper* recordkeeping violation, *Department of Transportation v. Sortino*, 75 Pa. Commonwealth Ct. 541, 462 A.2d 925 (1983), we find no authority for upholding DOT's attempt to substantiate a failure-to-inspect violation by using an admission of incomplete recordkeeping elicited for the first time at the hearing.

Accordingly, we affirm.

## ORDER

The orders of the Lackawanna County Common Pleas Court, Nos. 87 Civil 3542 and 87 Civil 3543, dated April 22, 1988, are affirmed.