562 A.2d 1019

**Kenneth KOT d/b/a Kot's Autobody, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 2, 1989.

Decided Aug. 16, 1989.

Petition for Allowance of Appeal Denied March 26, 1990.

Robert B. McGuinness, Towanda, for appellant.

Harold H. Cramber, Asst. Chief Counsel, Frank M. O'Meill, Asst. Counsel, John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before PALLADINO and SMITH, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

Kenneth Kot appeals from an order of the Common Pleas Court of Bradford County, which affirmed the decision of the Department of Transportation (Department), suspending Kot's certification as an official inspection mechanic. We affirm.

This case arises from an inspection performed on or about March 16, 1988 by Kot on a 1981 Chevrolet. Nine days after inspection, the car's suspension failed. Following the failure, Kenneth Benjamin and state trooper Jack Pierce, both licensed inspection mechanics, examined the car. The Department suspended Kot's certification as an official inspection mechanic, concluding that Kot had failed to properly inspect the car as the suspension problem existed at the time of inspection.

At the trial de novo, the Department produced testimony that on March 24, 1988, state trooper Jack Pierce, an inspection station supervisor and inspection mechanic for the state police, examined the car. Pierce found that the left front shock tower was broken and the right one was in a rusted condition. In his opinion, the shock towers had both been rusty and partially broken at the time of the inspection by Kot.

Mr. Benjamin, another expert for the Department, testified that the shock absorber tower system was so deteriorated that he would have rejected it on inspection. He testified that this condition existed for a long time prior to the inspection by Kot.

Kot testified that he visibly inspected the shock tower, observed the vehicle as it was raised and lowered on the lift, and road tested the vehicle. Although he found nothing broken on the shock at the time of his inspection, he testified that the shock tower was covered with mud and that all he could see was surface rust.

The trial court made a finding that Kot failed to comply with that provision of the Department's regulations that deals with the inspection of shock absorbers, and upheld the certification suspension.

Kot contends that the trial court abused its discretion when it admitted into evidence, over objection, the opinion of the inspectors as to the condition of the shock tower at the time of Kot's inspection. Kot claims that under such circumstances the finding is not based on substantial evidence.

Section 4724 of the Vehicle Code, 75 Pa.C.S. § 4724, provides in pertinent part that the Department shall suspend the certificate of appointment when the station inspector has failed to comply with any of the provisions or regulations adopted by the Department.

Department regulation, 67 Pa.Code § 175.80(d)(3)(iii), provides that the suspension system be inspected, and rejected if shock absorbers, mounting bolts or mounts are broken.

■ The burden is upon the Department to prove by a preponderance of the evidence the violation charged. Our scope of review is limited to a determination of whether the trial court has committed an error of law or whether the findings of the trial court are based on substantial evidence. *Kennedy v. Department of Transportation,* 52 Pa.Commonwealth Ct. 619, 416 A.2d 614 (1980).

■ Credibility of witnesses and the weight of their testimony, i.e., the persuasive quality, are always for the fact finder to determine. The fact finder treats an expert like any other witness and applies to him the same standards of credibility as to any other witness.

The admissibility of evidence is within the discretion of the trial judge, and his discretion is abused when he erroneously admits evidence, i.e., evidence which suggests a decision on an improper basis. *Burch v. Sears, Roebuck & Co.,* 320 Pa.Superior Ct. 444, 467 A.2d 615 (1983); *House of Pasta Inc. v. Mayo,* 303 Pa.Superior Ct. 298, 449 A.2d 697 (1982).

■ In connection with expert testimony, the witness' knowledge, skill, training, and experience *in the area upon which he is to give an opinion* must first be shown in order to qualify him as an expert. *Kuisis v. Baldwin–Lima–Hamilton Corp.,* 457 Pa. 321, 319 A.2d 914 (1974). Federal R.Evid. rule 104.

■ There is no doubt in this case that the subject matter and the issue involved called for expert testimony. The fact finder had to decide whether there was a loss of shock absorber function, which should have been revealed by Kot's inspection of the suspension system. This was to be determined by examining the mounting bolts or mounts to see if they are broken. This was a subject distinctly related to the occupation of an inspection mechanic, and was offered by someone with knowledge gained through experi-

ence and education as to the functioning of shock absorbers in a motor vehicle.

It was determined by the court, prior to the testimony, that to become a state approved mechanic with an inspection station one must undergo school training and pass certain tests. Both witnesses for the Department had undergone this training, and for many years had inspected automobiles.

Thus, both witnesses for the Department were qualified to testify as experts in this area, and their skill lay in drawing inferences from the data at hand. The evidence showed that at least one of the shock absorbers was broken and that this condition existed at the time of inspection.

In *Bob Wark's Arco v. Department of Transportation, Bureau of Traffic Safety,* 71 Pa.Commonwealth Ct. 644, 455 A.2d 770 (1983), the court allowed the Department's expert to testify as to whether defects readily observable at the time of reinspection were also observable at the time of inspection. In *Milanovich v. Commonwealth,* 67 Pa.Commonwealth Ct. 24, 445 A.2d 1337 (1983), the court said there must be reliance upon credible opinion testimony to meet the needs of the situation when there is not firsthand testimony of the vehicle's condition at the time of the official inspection.

The evidence presented by the Department is substantial and supports the conclusion that the defect existed at the time of the original inspection and could reasonably have been discerned upon a proper inspection. The order of the trial court is affirmed.

## ORDER

NOW, August 16, 1989, the order of the Court of Common Pleas of Bradford County, No. 88IR000333, is affirmed.