### MICHAEL'S MOTORS,

v.

### COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.

Commonwealth Court of Pennsylvania.

Submitted Feb. 14, 1997.
Decided March 10, 1997.

Marc A. Werlinsky, Assistant Counsel, and Timothy P. Wile, Assistant Counsel In–Charge, Harrisburg, for appellant.

Paul J. Duca, Philadelphia, for appellee.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

## OPINION

COLINS, President Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (DOT) appeals from the December 11, 1995 order of the Court of Common Pleas of Philadelphia County (Common Pleas) sustaining the statutory appeal of Michael's Motors (Michael's) from suspension of its authorization to issue temporary registration cards and plates.

DOT suspended Michael's authorization to issue temporary registration cards and plates after Michael's owner failed to make the required documents available for inspection. State Police Trooper Michael Pender testified that on March 15, 1995 he went to Michael's in response to a complaint and requested access to the dealership's records. The employee in control of the dealership refused access to the premises and telephoned owner Michael Pysko (Pysko). Pysko told Trooper Pender to return the next day and that he (Pysko) would make available the single record relating to the complaint. Trooper Pender returned the next day with Trooper Jackson and was again told by the employee in charge that no records were on the premises but that if he returned on another date, the one record would be made available for inspection. On both occasions Trooper Pender explained that under 67 Pa.Code § 43.7, the records were to be made available for inspection at the place of business during normal business hours.

Upon receiving Trooper Pender's report, DOT ordered an audit of the dealership's inventory of temporary registration cards and plates. On May 1, 1995, Trooper Pender, accompanied by Trooper Jackson, Trooper Prince, and DOT representative Randolph Swartz, returned to Michael's to conduct the unannounced audit. Pysko again denied access to the records. Pysko indicated that he kept the records at his home and refused to retrieve the records while the troopers waited. Pysko testified that he kept the records at his home for security reasons and that he could not keep the records secure and at the same time make the records available for inspection. Pysko also testified that, according to his interpretation of the regulation, he was required to provide access only to those records kept at his place of business: in his case, no records were kept at the dealership, so he had no duty to permit inspection.

Common Pleas sustained the statutory appeal dismissing the one-month suspension imposed for failure to allow inspection of registration plates and documents in the possession of the issuing agent. 67 Pa.Code § 43.11. The court found reasonable Pysko's decision to keep the records at his home and Pysko's "weighing the parts of the statute and deciding that it was important to have security." (Common Pleas opinion at p. 3.) The court concluded that "technically, the violation was not committed due to Appellee's extenuating circumstances." *Id.*

■ On appeal, DOT argues that the trial court ignored unrefuted evidence that Michael's violated 67 Pa.Code § 43.7(d) and ignored the plain and unequivocal language of the regulation. Our review in an inspection certificate suspension case is limited to determining whether errors of law have been committed or whether the findings of the lower court are supported by competent evidence. *Department of Transportation, Bureau of Traffic Safety v. Royster,* 31 Pa.Cmwlth. 647, 377 A.2d 1038 (1977). DOT has the burden of proving the violations charged by a preponderance of evidence. *Kot v. Department of Transportation,* 128 Pa.Cmwlth. 138, 562 A.2d 1019 (1989), *petition for allowance of appeal denied,* 525 Pa. 587, 575 A.2d 117 (1990).

■ The regulation, 67 Pa.Code § 43.7, provides, in pertinent part,

(b) *Security.* Temporary registration cards and plates shall be kept in a secure place, which shall meet the approval of the Bureau. Issuing agents shall be responsible for security of temporary registration cards and plates obtained by them until they are issued to applicants.

. . . .

(d) *Available for inspection.* Temporary registration plates and related documents shall be available for inspection, with or without notice, by authorized Commonwealth employes. Records required by the Department to be maintained by the issuing agent in carrying out its duties under this chapter shall be subject to periodic inspection by authorized representatives of the Commonwealth or its designated agents under the following conditions:

(1) *Place.* The inspection will be conducted at the issuing agent's established place of business.

(2) *Time.* The inspection will be conducted during regular and usual business hours.

(3) *Scope.* The inspection will be limited to examination of the records and plate inventory which are subject to the record-keeping requirements of this chapter and which are on the premises.

67 Pa.Code § 43.7(b) and (d). The sanction for failure to allow inspection of documents or plates in the possession of the issuing agent is suspension of the issuing agent's authority to issue temporary registration cards and plates for a period of one month commencing after the documents and plates have been made available for inspection. 67 Pa.Code § 43.11(a)(2).

We agree with DOT's argument that the trial court ignored unrefuted evidence that Michael's violated 67 Pa.Code § 43.7(d) and ignored the plain and unequivocal language of the regulation. The evidence of record indicates that Pysko, owner of Michael's, had no fewer than three opportunities to provide access to temporary registration plates and related records. On each occasion, Pysko was informed as to the requirements of the regulation, and each time Pysko told Trooper Pender to come back at another time. Trooper Pender and DOT representative Swartz specifically told Pysko that he must have the records available during business hours regardless of his having taken the records home for security reasons.

Given these repeated warnings, explanations of the regulatory requirements, and opportunities to make the records available, the trial court erred in its conclusion that Pysko's interpretation of the regulation was reasonable. It is incumbent upon an issuing agent to comply with every part of the regulation; an issuing agent has no discretion to weigh the importance of one subsection against another. In addition, Pysko's contention that subsections (b) and (d) of 67 Pa.Code § 43.7 conflict was clearly unreasonable and its credibility questionable.[1] Accordingly, the order of the trial court is reversed.

---

1. On direct examination, Pysko testified that he was not familiar with 67 Pa.Code § 43.7. (Notes of Testimony (N.T.) at p. 49.) On cross-examination, Pysko demonstrated detailed knowledge of the regulation: he testified that pursuant to his interpretation of the security provision of subsection (b), he kept the records at home (N.T. at p. 50); he also testified that according to his interpretation of the regulation, subsection (d), the inspection provision, conflicted with subsection (b). (N.T. at pp. 51–52.)

## ORDER

AND NOW, this 10th day of March, 1997, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed.