847 A.2d 208 (2004)
Michael C. TROPECK
v.
COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.
Joseph Cooper, Jr. t/d/b/a Joe Cooper Service Center
v.
Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles, Appellant.
Joseph Cooper, Jr. t/d/b/a Joe Cooper Service Center, Appellant
v.
Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles.
Commonwealth Court of Pennsylvania.
Submitted on Briefs February 6, 2004.
Decided April 16, 2004.
*209 Paul J. Walsh, Slovan, for appellants.
Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.
BEFORE: PELLEGRINI, Judge, COHN, Judge and FLAHERTY, Senior Judge.
OPINION BY Senior Judge FLAHERTY.
Michael C. Tropeck and Joseph Cooper Jr. t/d/b/a Joe Cooper Service Center (Appellants) appeal from a decision of the Court of Common Pleas of Washington County (trial court) which granted in part and denied in part Appellants' appeal of an inspection station certification suspension and safety inspector certification suspension imposed by the Department of Pennsylvania (DOT). DOT has also filed a cross-appeal alleging that the trial court erred in changing the suspensions from consecutive suspensions to concurrent suspensions. We affirm, reverse in part and remand for the reasons set forth below.
By letter dated June 13, 2002, DOT notified Appellant Tropeck that his certification as an Official Safety Inspector was being suspended pursuant to Section 4726 of the Vehicle Code, 75 Pa.C.S. § 4726.[1] DOT also suspended the Certificate of Appointment as an Official Safety Inspection Station of Appellant Joseph Cooper, Jr. *210 t/d/b/a Joe Cooper Service Station pursuant to Section 4724 of the Vehicle Code, 75 Pa.C.S. § 4724.[2] DOT imposed a two month suspension upon Appellants for a faulty inspection, a two month suspension for failure to verify financial responsibility and one year suspension for fraudulent record keeping (including the lesser offenses of improper record keeping and careless record keeping). DOT further ordered that these suspensions run consecutively, resulting in a 16 month suspension.
Appellants appealed their suspensions to the trial court, which held a hearing on January 29, 2003. In support of the suspensions, DOT presented the testimony of Kimberly Logan, who was an employee of an emissions company called Parson's on March 26, 2002.[3] On that date, Parson's sent Ms. Logan to Appellants' service station to covertly check to see if they were doing the emissions test correctly. Ms. Logan testified that although she only took her car for an emissions test, Appellants also performed a safety inspection. Additionally, Ms. Logan testified that Appellants did not correctly verify whether her car was insured, which is a requirement for the safety inspection. Ms. Logan gave Appellants a fake "pink slip", which is a temporary registration card that contains insurance information. However, Appellants did not ask to see her insurance card. Ms. Logan also testified that she did not see Appellants take her car for a road test, which is also a requirement for a proper safety inspection.
DOT also presented the testimony of John Ott, who is the Regional Operations Manager of Parson's. Mr. Ott testified that they place fake insurance information on the temporary registrations that they use to make them look legitimate so that they can perform covert audits. Mr. Ott also testified regarding the MV-431 form that a mechanic must fill out during the course of an inspection. Mr. Ott reviewed the MV-431 filled out by Appellants which, contrary to the testimony of Ms. Logan, indicates that Appellants verified that the vehicle was insured and also performed a road test. Mr. Ott further testified that he inspected the vehicle after Ms. Logan brought it back from the service station. Mr. Ott's inspection revealed that the brake lining measurement was 9/32 of an inch. However, the MV-431 filled out by Appellants had a measurement of 4/32 of an inch, which is a difference of 5/32 of an inch. Mr. Ott testified that this was a "significant" difference. With regard to the tires, Mr. Ott's measurement of the treads was 10/32 of an inch. However, the MV-431 filled out by Appellants has a measurement of 6/32 of an inch.
Appellant Tropeck testified in his defense. Tropeck testified that it was his understanding that he was to perform an emissions test and a safety inspection because "99% of the time it's both." (N.T. 1/29/2003, p. 60). Tropeck further testified that his measurements of the brakes and tires were accurate. In addition, Tropeck testified that he believes that he took the vehicle for a road test, but he does not specifically recall whether he did or not. With regard to the insurance information, *211 Tropeck testified that: "When I was in school eight years ago that was acceptable to use the pink slip as both forms of identification." (N.T. 1/29/2003, p. 67).
On May 1, 2003, the trial court issued a Memorandum and Order wherein if found that "sufficient evidence exists to support Penndot's imposing a two-month suspension for faulty inspection as well as a two-month suspension for failure to verify financial responsibility. The question before this Court is whether sufficient evidence exists to find that Appellants' actions constitute fraudulent record keeping or improper record keeping." The trial court determined that there was insufficient evidence to demonstrate that Appellants' actions contain elements of fraud and deceit and that, therefore, their actions do not rise to the level of fraudulent record keeping. However, because the trial court found that Appellants' actions were inaccurate and did not follow correct procedures, their actions were more than careless record keeping, the penalty for which is only a warning for the first offense. As such, the trial court found that Appellants' actions rose to the level of improper record keeping, which carries with it a two month suspension for the first offense. Furthermore, the trial court changed the three two-month suspensions to run concurrently rather than consecutively. In support of its authority to do so, the trial court cited our decision in Com., Department of Transportation v. Sortino, 75 Pa.Cmwlth. 541, 462 A.2d 925 (Pa.Cmwlth.1983). Accordingly, the trial court granted in part and denied in part Appellants' appeals and imposed a two month suspension. Both Appellants' and DOT's appeals to this Court followed.
Our scope of review in an inspection certificate suspension case is limited to determining whether the trial court committed an error of law or whether the trial court's findings are supported by substantial evidence. Fiore Auto Service v. Dept. of Transportation, Bureau of Motor Vehicles, 735 A.2d 734 (Pa.Cmwlth.1998), petitions for allowance of appeal denied, 559 Pa. 681, 682, 739 A.2d 545 (1999). Questions of witness credibility are solely within the province of the trial court. Department of Transportation, Bureau of Traffic Safety v. Karzenoski, 96 Pa. Cmwlth. 608, 508 A.2d 618, 620 (1986).
First, we will address the appeal of Appellants. On appeal, Appellants argue that the decision of the trial court that they did not properly verify insurance information, performed a faulty inspection and practiced improper record keeping is not supported by substantial evidence.
If the vehicle inspection is not performed properly, DOT has the power to impose a two month suspension on the inspection privileges of the mechanic who performed the inspection and the inspection station who employs the mechanic. 67 Pa.Code § 175.51(a)(1)(iii). DOT has the burden of proving by a preponderance of the evidence that the inspection was not performed properly. Fiore.
With regard to verifying insurance information, the regulations promulgated by DOT provide that:
(iii) ... financial responsibility shall be proven by one of the following documents:
(A) A valid financial responsibility identification card issued in accordance with 31 Pa.Code (relating to insurance).
(B) The declaration page of a valid insurance policy.
(C) A valid self-insurance identification card.
(D) A valid binder of insurance issued by an insurance company licensed to sell motor vehicle liability insurance in this Commonwealth.

*212 (E) A valid insurance policy issued by an insurance company licensed to sell motor vehicle liability insurance in this Commonwealth.
67 Pa.Code § 175.80(a)(1)(iii). Failure to properly verify financial responsibility can result in a two month suspension for a first offense. 67 Pa.Code § 175.51(2)(iii).
By his own admission, Tropeck did not properly verify the insurance information as required by 67 Pa.Code § 175.80(a)(1)(iii). Thus, the trial court's finding that sufficient evidence existed to support a two-month suspension is supported by the evidence. Tropeck argues that DOT should have given him a warning for this violation. However, DOT imposed a two month suspension in accordance with 67 Pa.Code § 175.51(2)(iii). As such, the trial court did not err in upholding DOT's decision to impose a two-month suspension.
Next, we address Appellants' argument that the trial court's conclusion that they performed a faulty inspection is not supported by the evidence. With regard to the inspection of tires and brakes, 67 Pa.Code § 175.80(e)(1) provides that the mechanic shall "[i]nspect the tires" and 67 Pa.Code § 175.80(e)(7) provides that the mechanic shall "[i]inspect the braking system." The regulations also provide that the mechanic shall "[p]erform [a] road test." 67 Pa.Code § 175.80(f). Mr. Ott testified that the measurement of the brakes and tires as indicated by Tropeck on the MV-431 were not correct. In addition, Ms. Logan testified that she did not see Tropeck take the car for a road test and Tropeck could not specifically recall whether or not he took the vehicle for a road test. Appellants argue "[t]here was not concrete evidence presented which would clearly indicate how the inspection in this matter was faulty." We reject Appellants' argument.
DOT does not need to present "concrete" evidence that a vehicle inspection was performed improperly. Rather, DOT only has to prove by a preponderance of the evidence, i.e., that it is more likely that not, that a vehicle inspection was performed improperly. As we noted in Milanovich v. Commonwealth, 67 Pa.Cmwlth. 24, 445 A.2d 1337, 1338 (1982), "[b]ecause firsthand testimony concerning the vehicle condition at the time of official inspection is not likely to be available except when the police employ preplanned test inspections, there must be reliance upon credible opinion testimony to meet the needs of the situation." Mr. Ott testified, as an expert in performing vehicle inspections, that Tropeck did not inspect the tires or the brakes properly. Further, Ms. Logan testified that she did not observe the vehicle being taken for a road test. This testimony is sufficient to sustain DOT's burden of proving that it is more likely than not that the vehicle was not properly inspected. Accordingly, the trial court's conclusion that sufficient evidence existed to support a two-month suspension for a faulty inspection is supported by the evidence.
Next, we address Appellants' argument that the trial court's conclusion that they are guilty of improper record keeping is not supported by the evidence. 67 Pa. Code § 175.51 provides for a one year suspension for the first offense of fraudulent record keeping, a two month suspension for the first offense of improper record keeping and warning for the first offense of careless record keeping. In Department of Transportation, Bureau of Driver Licensing v. Cappo, 106 Pa. Cmwlth. 481, 527 A.2d 190, 192 (1987), we explained that, for record keeping to be "fraudulent", fraud or deceit must be involved. We further explained that:
While the terms "improper" and "careless" are not defined by statute, by DOT *213 regulations, or by case law ... We must, therefore, construe these terms according to their common and approved usage. Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903. "Improper" is defined as "not accordant with fact, truth, or right procedure," i.e., incorrect, inaccurate. Webster's Third New International Dictionary 1137 (1966). "Careless" is defined as "not taking ordinary or proper care," i.e., neglectful, inattentive. Webster's Third New International Dictionary 339 (1966).
Id. at 192-193.
Appellants argue that their actions do not rise to the level of "improper" record keeping. We disagree. Based on the testimony of Mr. Ott, the tire and brake measurements that Tropeck entered into the MV-431 were not in accordance with the facts, which falls under the definition of "improper". As such, the trial court's conclusion that Appellants were guilty of improper record keeping rather than careless record keeping is supported by the evidence.
Finally, we address DOT's argument that the trial court erred in changing the suspensions to run concurrently rather than consecutively. In Cappo, we explained when the trial court may modify the suspension imposed by DOT:
In Department of Transportation, Bureau of Traffic Safety v. Kobaly, 477 Pa. 525, 384 A.2d 1213 (1978), our Supreme Court established the conditions under which a trial court, after a hearing de novo, may modify a DOT inspection license suspension. Kobaly held that there could be a modification of a DOT penalty only if the trial court made different findings of fact and conclusions of law ... It is clear, therefore, that, where a trial court makes new findings of fact and new conclusions of law, it may modify a DOT penalty. Kenworth Trucks Philadelphia, Inc. v. Department of Transportation, Bureau of Traffic Safety, 56 Pa.Commonwealth Ct. 352, 425 A.2d 49 (1981) ... Where, however, the trial court makes new findings of fact but reaches the same legal conclusions as DOT, it may not alter the DOT penalty, and this is due to the mandatory nature of the penalties provided for in DOT's regulations ... If, on the other hand, the court reaches a conclusion of law different from that reached by DOT, it clearly has the authority to modify or correct the penalty imposed by DOT. Department of Transportation, Bureau of Traffic Safety v. Antram, 48 Pa.Commonwealth Ct. 135, 409 A.2d 492 (1979).
Id. at 191-192 (emphasis in original). With regard to whether the trial court can change whether suspensions are to run concurrently or consecutively, we stated in Sortino that:
The trial court was of the opinion that since it found that there were no facts which would prove deception and hence fraud, it had found facts different from the Bureau and could, therefore, properly revise the penalty. Commonwealth v. Kobaly, 477 Pa. 525, 384 A.2d 1213 (1978). The Bureau argues that our decision in Commonwealth v. Antram, 48 Pa.Commonwealth Ct. 135, 136, 409 A.2d 492, 493 (1979) limits Kobaly to correcting the period of revocation. We find no such limiting language in either Kobaly or Antram. Kobaly authorizes the trial court to "alter the penalty" where it finds facts different from the Bureau. In the instant case, the trial court did just that. The fact that the Bureau's regulations reserved to itself the discretion to determine whether the suspension periods authorized shall be consecutive or concurrent does not detract from the trial court's authority in this case to alter the penalty from what *214 is tantamount to a lifetime suspension to a period of one year, which to us seems ample under the circumstances.
Id. at 928.
DOT concedes that the trial court was entitled to change the one year suspension to a two month suspension and to allow that suspension to run concurrently because it found that Appellants' record keeping was improper rather than fraudulent. However, DOT argues that because the trial court did not make different findings of fact or conclusions of law with respect to the charges of performing a faulty inspection and failure to verify financial responsibility, it was without the authority to change the suspensions to run concurrently. We agree.
Whether or not a suspension is to be served consecutively or concurrently is part of the penalty that is imposed for failing to perform a proper inspection. The trial court made different findings of fact and conclusions of law with regard to the Appellants' record keeping and was thus entitled to change both the length of that suspension and also whether that suspension was to run consecutively or concurrently. However, the trial court did not make different findings of fact or conclusions of law with regard to the charges of performing a faulty inspection and failure to verify financial responsibility. Therefore, pursuant to Kobaly, the trial court was not entitled to change the penalty for those offenses. However, this is exactly what the trial court did when it changed the suspensions for those offenses to run concurrently rather than consecutively. Therefore, the trial court's decision in this regard must be reversed.
Accordingly, the order of the trial court is affirmed in part and reversed in part and this case is remanded to the trial court, for further remand to DOT, to allow DOT to impose a two month suspension for failure to verify financial responsibility and a two month suspension for a faulty inspection, to be served consecutively, and also to impose a two month suspension for improper record keeping to be served concurrently with the two consecutive suspensions.

ORDER
AND NOW, April 16, 2004, the order of the Court of Common Pleas of Washington County docketed at Nos.XXXX-XXXX and XXXX-XXXX and dated May 1, 2003 is hereby AFFIRMED in part and REVERSED in part and this case is REMANDED for the reasons set forth in the foregoing opinion.
Jurisdiction relinquished.
NOTES
[1] Section 4726(b) of the Vehicle Code provides that: "The department shall supervise mechanics certified under this section and may suspend the certification issued to a mechanic if it finds that the mechanic has improperly conducted inspections or has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the department." 75 Pa.C.S.A. § 4726(b).
[2] Section 4724(a) of the Vehicle Code provides that: "(a) General rule. The department shall supervise and inspect official inspection stations and may suspend the certificate of appointment issued to a station which it finds is not properly equipped or conducted or which has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the department...." 75 Pa.C.S. § 4724(a).
[3] Parson's is a subcontractor of MCI, which holds a contract with the Commonwealth of Pennsylvania to conduct overt and covert audits of vehicle inspection stations.