528 A.2d 708

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Joe L. May, Appellee.

Submitted on briefs April 23, 1987, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

*Harry W. Reed, Jr., Davis, Katz, Buzgon, Davis, Reed & Charles, Ltd.,* for appellee.

OPINION BY JUDGE DOYLE, July 22, 1987:

This is an appeal by the Department of Transportation (DOT) from an order of the Court of Common Pleas of Lebanon County that reversed the imposition by DOT of a two-year suspension of the certificate of appointment and privilege to inspect motor vehicles of official inspection station No. 3034, d/b/a Joe May's General Services. The suspension was imposed after DOT determined that Joe May (Appellee) had engaged in violations of DOT Regulation 175.51(a)(1)(ii), 67 Pa. Code §175.51(a)(1)(ii), which provides for a mandatory one-year suspension for furnishing a sticker without conducting an inspection, and Regulation 175.51(a)(1)(iii), 67 Pa. Code §175.51(a)(1)(iii), which provides for a one-year suspension for fraudulent record keeping.[1] On appeal the trial court did not find violations of either regulation and thus sustained Appellee's appeal. DOT appeals to this Court.

The trial court found that on February 11, 1985 certain individuals, involved in the sale of a 1978 Volkswagen, were desirous of effecting a title transfer of ownership of the automobile and drove the car to Appellee's garage and requested an inspection. Appellee refused to issue an inspection certificate because the vehicle did not have valid license plates. Section 4727(a) of the Vehicle Code, 75 Pa. C. S. §4727(a), requires that the vehicle be duly registered in the Commonwealth prior to being inspected. Sometime between February

---

[1] Appellee asserts that the two charges were in fact merged and, therefore, that he should only have been suspended for a single offense, if at all. We do not agree. As the factual findings make clear, two different acts occurred; therefore, we believe it is proper to consider each of the two charges separately.

11 and February 14, however, Appellee actually physically inspected the vehicle. The vehicle's owner/seller then took possession of the vehicle to "clean it up for the sale." On April 9, the buyer, apparently after he completed his installment payments to the seller, took possession, a fact unknown to Appellee. On April 16, the buyer brought the car to Appellee again and requested that he issue the inspection certificate. Appellee again refused because the vehicle did not have the proper license tag or transfer slip indicating ownership of the vehicle. Later on April 16, the buyer once again brought the car back to Appellee's station. Appellee however, had gone home for the day and refused to return to make the inspection. The following morning the buyer once more brought the car to Appellee, this time with the proper license documentation. Appellee issued the inspection certificate on that date without reinspecting the car because he assumed it had not been driven subsequent to his original February inspection. The buyer then drove directly to the state police barracks and reported Appellee's conduct of issuing the inspection certificate without an inspection. The state police went to Appellee's station and examined the car. The examination disclosed defects in the car that were attributable to an accident that had occurred after Appellee had physically inspected the car in February.

The trial court also found that it was a common practice in that county to enter as the date on the Official Inspection Report (OIR) under the column "Date of Inspection" the date upon which the sticker was attached to the vehicle, rather than the date upon which the inspection was actually performed, and that this was what Appellee did here. Further, the trial court determined that in entering the April date on the OIR, Appellee did not have a fraudulent intent or an intent to deceive. The trial court then stated, "we do not equate the date

of issuance of an inspection sticker and entry on the Official Inspection Report as the date the physical inspection work was performed." It further added, "we are at a loss to understand why May was accused of fraudulently entering the date of April 17, 1985 on the Official Inspection Report. That was the date the inspection procedure mandated by the Department's regulations . . . were [sic] completed." Based upon this reasoning, the trial court sustained Appellee's appeal.

Our scope of review is limited to determining whether there has been an error of law and whether the findings of fact are supported by substantial evidence. *Department of Transportation v. Sortino*, 75 Pa. Commonwealth Ct. 541, 462 A.2d 925 (1983). Credibility matters are for the trial court. *Id*. On appeal here DOT contends that an inspection is not a continuing process and, hence, that certification should only be placed on the vehicle *immediately* after an inspection discloses that the vehicle meets relevant standards. It further argues that when Appellee after his February inspection refused to affix the inspection certificate to the vehicle in question due to the inadequate proof of registration, that refusal had the legal effect of a rejection of the vehicle under applicable inspection regulations. *See* 67 Pa. Code §175.80(a)(1)(iii). We agree, and therefore we must conclude that a new inspection of the vehicle was required. Although Regulation 175.41(d)(1), 67 Pa. Code §175.41(d)(1), which provides in pertinent part that a "certificate of inspection shall be affixed only after completion of the entire inspection, including the road test," might on its face appear to permit the sticker to be affixed at any time, we believe that it inures to the benefit of the public to construe this Regulation as requiring that the certificate be affixed *immediately* after the inspection is completed. A contrary result would permit, as here, a vehicle involved in an accident to be

certified as passing inspection, when it in fact contains defects. Therefore, we hold that the trial court erred in reversing the suspension for the charge of furnishing a sticker without an inspection.

As to the second charge, fraudulent record keeping, the trial court found as fact that Appellee in recording the date of inspection as April 17 had no intent to deceive. That was essentially a factual finding, *Sortino*, and will not be disturbed by this Court. DOT now seeks in the alternative to penalize Appellee for "improper record keeping." That charge was not made against Appellee initially by DOT, and when asked to consider it as an alternative, the trial court apparently declined to do so, inasmuch as it is not addressed in that court's opinion. We, however, believe that it is a lesser included offense to the violation of fraudulent record keeping and therefore believe that there is no violation of due process in considering this alternative charge, despite Appellee's assertions to the contrary. *See Department of Transportation, Bureau of Traffic Safety v. Karzenoski*, 96 Pa. Commonwealth Ct. 608, 508 A.2d 618 (1986). Accordingly, we shall do so.

Based upon the trial court's finding that Appellee indicated on the OIR that he had conducted an inspection in April, when in fact the inspection had been conducted in February, we believe that completion of the OIR in this matter was improper. Therefore, we will order the imposition of a three-month penalty for improper record keeping pursuant to Regulation 175.51(a)(1)(iv), 67 Pa. Code §175.51(a)(1)(iv). *See Karzenoski*.[2]

---

[2] We note that DOT regulations also provide for imposition of penalties for "careless record keeping." The issue of whether the instant conduct involved careless record keeping was not raised at any time in this case by either party and, therefore, we express no opinion as to whether the conduct here might be considered careless record keeping or whether careless record keeping might be

Finally, we reach the question as to whether the three-month penalty for improper record keeping should be served concurrently or consecutively with the one-year suspension. DOT initially imposed the two one-year suspensions consecutively. It did so having found fraud. That finding was altered by the trial court, which determined that Appellee had not acted with any intent to deceive or commit fraud. We note that Appellee here has an overall record of fifteen years as an inspector during which time he has performed over 5,000 inspections without a single violation. We hold that on these facts, where Appellee's overall record has been outstanding and where there has been a clear finding of no intent to deceive it is most appropriate that Appellee serve his two violations concurrently rather than consecutively. Accordingly, we shall fashion an order to this effect.

## ORDER

Now, July 22, 1987, the order of the Court of Common Pleas of Lebanon County in the above-captioned matter is hereby reversed insofar as it sustained Appellee's appeal of his one-year suspension for furnish-

---

the more appropriate classification for the violation that occurred here. *Cf. Department of Transportation, Bureau of Traffic Safety v. Cappo,* 106 Pa. Commonwealth Ct. 481, 527 A.2d 190 (1987).

The schedule of penalties in effect at the time of this occurrence for a first violation is set out in former §175.1(a) of the Regulations as follows:

Category 1:

. . . .

(iii) Fraudulent recordkeeping—1 year suspension;
(iv) Improper recordkeeping—3 months suspension.

. . . .

Category 3:

(iii) Careless recordkeeping—warning.

ing an inspection sticker without conducting an inspection, and the suspension is reinstated. It is further ordered that the trial court's order is affirmed insofar as it sustained Appellee's appeal of a one-year suspension for fraudulent record keeping. The order is, however, modified to reflect a three-month suspension for improper record keeping to be served concurrently with the one-year suspension for furnishing an inspection sticker without conducting an inspection.