529 A.2d 91

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Midas Muffler Shop, Edward Geesey and Damar Corporation, Appellees.

Submitted on briefs April 20, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Harold Cramer*, Assistant Counsel, with him, *Lawrence R. Wieder*, Assistant Counsel, *Spencer A. Manthorpe*, Chief Counsel, *Henry G. Barr*, General Counsel, for appellant.

*Clyde Crady Swisher, III*, with him, *Michael Q. Davis, Campbell, Spitzer, Davis & Turgeon*, for appellees.

OPINION BY JUDGE MACPHAIL, August 4, 1987:

This appeal by the Pennsylvania Department of Transportation (DOT) is from an order of the Court of

Common Pleas of York County[1] reversing a one-year suspension order entered by DOT pursuant to the provisions of Section 4724 of the Vehicle Code, 75 Pa. C. S. §4724, against the appellees[2] for fraudulent recordkeeping. We reverse.

In the course of investigating a complaint regarding a faulty inspection allegedly performed at Midas, a state trooper reviewed the inspection record sheet maintained at the garage.[3] He discovered that inspection serial number 1760075 had been repeated after serial number 1760076 was deleted.[4] The officer surmised that this error was repeated, that is, successive inspections were given a number which was numerically one-figure less than it should have been. The trooper then interrogated Mr. Geesey regarding the entry made with respect to serial number 1760080 because it appeared to the officer that notwithstanding the obvious duplication of 1760075, the serial numbers were in correct sequence following 1760080. Mr. Geesey admitted to the trooper that he discovered that what had hap-

---

[1] The order of the trial court is as follows:

The Order of the Director, Bureau of Motor Vehicles, of the Commonwealth of Pennsylvania, Department of Transportation of October 28, 1985, issued as the result of a 'hearing held on 10/02/85' is reversed, as to Edward Geesey, Midas Muffler, as in said Order the same is set forth.

The matter is therefore remanded to the Department of Transportation for disposition in accordance with the law and the findings herein contained.

[2] Midas Muffler Shop (Midas) is a franchise business owned by Damar Corporation. Edward Geesey was the manager of the garage at the time of the offense.

[3] Commonwealth Exhibit No. 3, Reproduced Record (R.R.) at 67a.

[4] The inspection serial numbers are listed in numerical order on the inspection record maintained by an official inspection station.

pened was what the trooper had surmised and that he, Geesey, then inserted fictitious information after number 1760080 including owner's name, vehicle registration number, vehicle identification number, the year, make and body style of the "ghost" vehicle, the vehicle registrant's name and address, the odometer reading, the fraction of remaining brake lining of wheels pulled and the total charge for inspection and repair parts. The trooper testified that Mr. Geesey told him that he made the fictitious entry "to cover up that error that had been made several days before and just carried on."[5]

The narrow issue presented to this Court is whether those factual circumstances constitute fraudulent recordkeeping. The trial court held that inasmuch as the Commonwealth "did not charge nor pursue before this court, as to this licensee, any theory of faulty inspection, intent to deceive, to defraud, to cause harm, nor any other theory of fraud by the licensee or the employee,"[6] DOT failed to prove fraudulent recordkeeping. The trial court's order[7] and the last sentence of the opinion in support thereof seem to indicate that the trial court felt that improper recordkeeping was the correct charge, otherwise we can see no reason for that court's remand to DOT.[8]

---

[5] Notes of Testimony from May 7, 1986 at 10; R.R. at 29a.

[6] *Midas Muffler Shop v. Department of Transportation, Bureau of Motor Vehicles*, (No. 85-SU-04544-08 of the York County Court of Common Pleas, filed June 12, 1986), slip op. at 2; R.R. at 69a.

[7] *See supra* note 1.

[8] This Court has recently held that inasmuch as improper recordkeeping is a lesser included offense than a charge of fraudulent recordkeeping, it is proper for the reviewing court to impose the penalty for that offense where DOT has failed to prove fraudulent recordkeeping. *Department of Transportation, Bureau of Driver Licensing v. May*, 107 Pa. Commonwealth Ct. 583, 528 A.2d 708 (1987).

Our scope of review of trial court adjudications in inspection certificate suspension cases is limited to a determination of whether there has been an error of law or whether the finding of the trial court can be supported by substantial evidence. *Department of Transportation v. Sortino,* 75 Pa. Commonwealth Ct. 541, 462 A.2d 925 (1983). We have also said that whether the actions of the alleged offender are fraudulent is "largely an issue of fact." *Id.* at 546, 462 A.2d at 927.

Under DOT's regulations in effect at the time of the alleged offense now before us,[9] there are three categories of unlawful recordkeeping by inspection stations—careless, improper and fraudulent. Each graduation carries a different penalty. For a first offense for negligent recordkeeping the penalty is a warning; for improper recordkeeping, the penalty is a three-month suspension; and, for fraudulent recordkeeping the suspension is one-year. The regulations contain no definition for the terms "careless," "improper," and "fraudulent" but our Court has said that improper or careless recordkeeping does not include the elements of fraud or deceit but that such elements are essential to a charge of fraudulent recordkeeping. *Department of Transportation, Bureau of Licensing v. Cappo,* 106 Pa. Commonwealth Ct. 481, 527 A.2d 190 (1987), and *Sortino.*

In determining whether particular factual circumstances constitute fraud, we think it necessary to inquire whether the recordkeeping entry was false, entered intentionally and with the purpose of deceiving. Here, there can be no doubt that the entry was false and that it was entered intentionally. Its purpose, as we have noted, was to cover up an error. One definition of "deceit" in Webster's Third New International Diction-

---

[9] *See* 67 Pa. Code §175.51.

ary 584 (1986) is "a declaration, artifice or practice designed to mislead another." Looking at the facts now before us, it is apparent to us that the entry was made to mislead anyone inspecting the record into believing that the record was facially correct. Of course, it was not.

Under DOT's regulations, the owner of an inspection station is required to keep current inspection records at the inspection station for examination and audit by the inspection station supervisor and other authorized persons. 67 Pa. Code §175.29(a)(4). That regulation also provides that the owner of the station assumes full responsibility with or without actual knowledge of any violation of the regulations committed by an employee. 67 Pa. Code §175.29(a)(6). The regulations further provide, under the heading "recording inspection" that all report sheets shall contain the *correct* inspection station number, campaign and date and that the certificates shall be listed on sheets in numerical order. 67 Pa. Code §174.42(d). The same regulation states that fraudulent recording of an inspection report will be considered cause for suspension of inspection privileges. 67 Pa. Code §174.42(a).

As we have noted, the learned trial judge opined that the Commonwealth did not prove any theory of intent to deceive, to defraud or to cause harm. He also observed that no one was damaged, injured or disadvantaged by the error. We must respectfully disagree. As we have already stated, there is record evidence that Mr. Geesey did what he did as a cover-up. That is deceit. The harm to the Commonwealth is the failure of a licensed inspection station to conform to the regulations promulgated by DOT relating to vehicle inspections. As a licensee, the inspection station owes a duty to the Commonwealth to conform to the requirements of the appointing authority imposed upon the licensee when the license was issued, where those re-

quirements, of course, are reasonable and in accordance with the law. True it is that no member of the public was damaged, injured or disadvantaged but that is not a prerequisite under the regulations for the suspension of an inspection license where fraudulent recordkeeping is charged. Proof of intent to deceive the appointing authority is sufficient.

Order reversed.

## ORDER

The order of the Court of Common Pleas of York County is reversed and the suspension imposed by the Department of Transportation, Bureau of Licensing is reinstated.

---

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

Fraud involves an intent to deceive. It is a conscious object on the part of the actor to induce another to act in reliance thereon. Thus, a mistake for which there is a reasonable excuse or explanation negates that required intent to deceive. The trial court found that the action of appellees was made in an attempt to correct a mistake, and that no fraudulent intent existed. There is sufficient evidence to support this finding.

Accordingly, I would affirm the trial court.