558 A.2d 585

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Sloane Toyota, Inc., Appellee.

Submitted on briefs October 25, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Edward Rendell,* with him, *Deborah L. Gold,* for appellee.

OPINION BY JUDGE MCGINLEY, May 4, 1989:

These are consolidated appeals by the Department of Transportation, Bureau of Motor Vehicles (DOT) from an order of the Court of Common Pleas of Montgomery County (trial court) which reversed the actions of DOT suspending two certificates of appointment as an official emissions station issued to Sloane Toyota, Inc. (Sloane).[1] We reverse and impose a modified penalty.

The trial court found that in 1985 Sloane, which had operated out of 527 North Easton Road (527 site) for the prior five years, acquired an adjacent contiguous gas station and lot at 501 North Easton Road (501 site). This second lot was held under the same and common ownership as the 527 site. Because of the volume of its business and because of difficulty with its emissions inspection equipment at the 527 site, Sloane investigated the possibility of purchasing an emissions inspection machine for the 501 site. Since May 15, 1984, long before purchasing the 501 site, Sloane had been a duly certified official

---

[1] DOT revoked each certificate separately. On appeal, the trial court issued one order. DOT, however, appealed each part of the order separately to this Court; hence, we have consolidated appeals.

emission inspection station at the 527 site and had conducted tests there.

Ultimately, Sloane had a machine installed at the 501 site. Before or at the time the machine was installed, a representative of the company which sold the machine informed Sloane that an additional certification from DOT was not required because the 501 site was an extension of the 527 site and under the same ownership. Consequently, Sloane never applied to DOT for a certificate for the 501 site. When the company representative installed the machine he utilized the certificate control number from the machine at the 527 site and told Sloane that it could use the emission inspection stickers for the 527 site for cars inspected at the 501 site. Sloane then began doing inspections at the 501 site and performed inspections. The trial court specifically found that the inspections were performed according to government standards. By happenstance, William T. Mohr (Mohr), a DOT field investigator, discovered the non-registered machine. Mohr then checked the machine and determined that it had been properly calibrated and balanced in accordance with federal and state standards and would have been properly certified by DOT had an application for a certificate been made. The trial court further determined that Sloane had, in fact, only issued stickers to vehicles which passed the emissions test.

Subsequent to Mohr's visit, Sloane was notified that it could not transfer stickers from the 527 site to the 501 site and it immediately discontinued this practice until it received approval for the 501 site from DOT on November 21, 1985. Thereafter, DOT notified Sloane that its certificate to inspect and its mechanics certificates were being revoked for the 527 site for the furnishing of certificates of inspection without performing an inspection and that the certificates were being revoked for the 501 site for receiving certificates of inspection without authority.

DOT regulations provide that for furnishing or receiving a certificate of inspection without permission the penalty is one year's suspension for a first offense and a permanent suspension for the second offense. 67 Pa. Code §177.61(a). DOT viewed each of the 155 inspections as a separate offense and permanently suspended the certificates at both locations.

On appeal, the trial court held that at most Sloane was guilty of "careless record keeping" and that only a single violation had occurred. Accordingly, the trial court modified each station's penalties to a warning. DOT appeals.

DOT presents four issues for our review. First, DOT contends the trial court erred in that DOT established numerous violations of regulations which mandate a permanent suspension against each of Sloane's inspection stations. Second, DOT contends the trial court erred in modifying the penalty imposed by DOT without making different findings of fact and conclusions of law. Third, DOT contends the trial court erred as a matter of law in concluding that the conduct of Sloane's emission inspection stations constituted a single violation of careless record keeping. Fourth, DOT contends that the trial court erred in concluding that the conduct did not warrant the penalty imposed.

Our scope of review of the trial court's decision involving an inspection certificate suspension is limited to a determination of whether there has been an error of law or whether the findings of the trial court can be supported by substantial evidence. *Department of Transportation v. Midas Muffler Shop,* 108 Pa. Commonwealth Ct. 199, 529 A.2d 91 (1987).

First, we will address DOT's contentions that the trial court erred in concluding that the operation of Sloane's two emission stations established only careless record keeping and that DOT met its burden of establishing

violations of regulations which mandate a permanent suspension.

DOT asserts that it met its burden of establishing the violations. We agree. The uncontested evidence indicates that at the time Mohr conducted his inspection, the 501 site was not a DOT approved official emission inspection station and that 155 inspections had been conducted at that site. Under 67 Pa. Code §177.21 an emission inspection station must be authorized under a certificate of appointment issued by DOT. 67 Pa. Code 177.21(b). Only inspection stations which utilize the same internal access may operate under one certificate. Stations which have separate accesses must obtain separate certificates. 67 Pa. Code 177.21(e). Further, a certificate of appointment cannot be assigned or transferred to another location. 67 Pa. Code 177.21(c).

DOT regulations also provide that an owner of an inspection station must assume full responsibility, with or without actual knowledge for each inspection made and each certificate of emission inspection issued. 67 Pa. Code 177.38(a)(7)(i) and (ii). In this case there is no dispute that 155 inspections were performed without proper certification. Specifically, 155 inspection certificates were furnished by the 527 site, an approved station, and were received by the 501 site, an unapproved station. We must conclude that DOT presented sufficient evidence to establish that the 527 site was guilty of 155 violations of furnishing certificates to another station and that the 501 site was guilty of 155 violations of receiving certificates. *See* 67 Pa. Code 177.61(a).

Also, we must conclude that the trial court erred in concluding that the act of transferring inspection certificates from the 527 site to the 501 site constituted one act of careless record keeping. The activity in question did not concern inadvertent recording or misfiling of information, but instead concerned Sloane's ignorance or lack

of knowledge of state regulations regarding the certification of emission inspection stations. Under 67 Pa. Code 177.38(a)(7)(i)(ii) we conclude that Sloane must be held liable for 155 separate violations of furnishing and receiving certificates.

DOT also contends the trial court erred in concluding that Sloane's conduct in operating the emission inspection stations did not warrant the penalty imposed, and in modifying DOT's penalty without making different findings of fact. We disagree.

It is clear that where a trial court makes new findings of fact and new conclusions of law, it may modify a DOT penalty. *Department of Transportation v. Cappo*, 106 Pa. Commonwealth Ct. 481, 527 A.2d 190 (1987). In this case, the trial court made several findings of fact regarding the good faith nature of the mistake made by Sloane in not obtaining certification for the 501 site before conducting emissions inspections there. These good faith findings include reliance on the false representations of the emissions analyzer sales representative who sold Sloane the machine (Finding of Fact No. 5); the issuance of inspection certificates only to those vehicles which passed the emissions test (Finding of Fact No. 11); the lack of fraud or monetary advantage on the part of Sloane in doing what it did; and the fact that all tests were properly performed on a properly calibrated machine so as to render them technically correct (Finding of Fact No. 17).

In its Conclusion of Law No. 6, the trial court concluded that Sloane only passed those cars which passed inspections on an accurately calibrated analyzer which was subsequently certified by DOT. The trial court accordingly concluded that no harm was done to either the public or the Commonwealth.

Although these findings do not alter the fact that Sloane committed the violations, they are relevant to the

penalty imposed by DOT. Under 67 Pa. Code 177.61(e), DOT has the discretion when multiple violations are considered at one time to direct that the suspensions be served concurrently. Accordingly, we conclude, in view of the trial court's findings, that DOT abused its discretion by permanently suspending both the 527 and 501 sites. As a result, we conclude that the 155 violations committed by each site should result in 155 one-year suspensions at each site to be served concurrently.

Pursuant to authority under Section 706 of the Judicial Code, 42 Pa. C.S.A. §706,[2] we reverse the order of the trial court and impose 155 one-year suspensions of Sloane's emission inspection certificate issued to the 527 site for furnishing 155 emission inspection certificates to another inspection station. These suspensions are to be served concurrently. Additionally we impose 155 one-year suspensions of Sloane's emission inspection certificate issued to the 501 site for receiving 155 emission inspection certificates from another inspection station. These suspensions are to be served concurrently, but consecutive to the suspensions of the certificate issued to the 527 cite.

---

[2] Section 706 of the Judicial Code provides: "An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances."

ORDER

Now, May 4, 1989, we reverse the order of the Court of Common Pleas of Montgomery County in the above-captioned proceeding and impose 155 one-year suspensions against Sloane Toyota's emission inspection station located at 527 North Easton Road, Glenside for 155 violations of furnishing emission inspection certificates to

another inspection station. The 155 suspensions are to be served concurrently.

Further, we impose 155 one-year suspensions against Sloane Toyota's emission inspection station located at 501 North Easton Road, Glenside, for 155 violations of receiving emission inspection certificates from another inspection station. The 155 suspensions are to be served concurrently, but consecutive to the suspensions of the certificate issued to the 527 cite.

Judge DOYLE dissents.