575 A.2d 678

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Rudolph DiMICHELE, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 27, 1990.

Decided June 19, 1990.

Donald H. Poorman, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, John L. Heaton, Chief Counsel, and Lawrence R. Wieder, Asst. Counsel, for appellant.

No appearance for appellee.

Before DOYLE and McGINLEY, JJ., and BLATT, Senior Judge.

498

McGINLEY, Judge.

The Pennsylvania Department of Transportation (DOT) has appealed from an order of the Court of Common Pleas of Philadelphia County (trial court), dated August 24, 1989, sustaining the appeal of Rudolph DiMichele (Appellee). We reverse the trial court and reinstate the suspension imposed by DOT.

On October 25, 1988, Trooper Gerald D. Langston of the Pennsylvania State Police conducted an annual audit of Rudy's Service Station, which is owned and operated by Appellee. While performing the audit, Trooper Langston noticed a 1966 Ford dump truck parked in the bay of the station which bore a new inspection sticker despite several apparent violations of inspection standards. At the hearing before the trial court on August 24, 1989, Trooper Langston testified that, upon reinspecting the dump truck, he discovered the following violations: a deteriorated front seat with protruding springs, a missing vehicle identification plate, missing lenses on all of the rear lights, a protruding front bumper, a loose battery cable, and a rotted front floor through which exhaust fumes could enter the passenger compartment. Notes of Testimony, dated August 24, 1989 (N.T.), at 7–9.

Trooper Langston then reviewed the TS 431 form on which Appellee was required to record every inspection performed at his station. Trooper Langston indicated that entry number 74 on the form corresponded to the dump truck and reflected that the vehicle satisfied inspection requirements. N.T. at 12–13. Trooper Langston also stated that the entry of various items on the form signified that the inspection was complete. N.T. at 13. Trooper Langston further testified that the recorded brake measurements differed from the measurements which he obtained. N.T. at 10. In addition, Trooper Langston observed an odometer reading which was 55 miles more than the reading recorded on the TS 431 form. N.T. at 14.

Based upon the findings of Trooper Langston, DOT determined that Appellee had affixed a sticker without an inspec-

tion and that he was guilty of fraudulent recordkeeping. Therefore, by official notice dated and mailed March 9, 1989, DOT suspended Appellee's inspection privileges. Appellee appealed DOT's decision to the trial court which rescinded the suspension. DOT then filed the present appeal.

Our scope of review is limited to determining whether the trial court committed an error of law or made findings unsupported by substantial evidence. *Department of Transportation v. Sortino*, 75 Pa. Commonwealth Ct. 541, 462 A.2d 925 (1983). We cannot determine questions of credibility. *Id.* Based upon our review of the record, we hold that the trial court erred by finding that Appellee did not furnish a certificate without an inspection. The trial court also erred by finding that the issuance of the certificate was incomplete.

Pursuant to DOT's regulations, 67 Pa.Code. § 175.41(a), a certificate of inspection cannot be marked and affixed to a vehicle unless that vehicle has successfully passed inspection and met the requirements of the Vehicle Code, 75 Pa.C.S. §§ 101–9701. DOT's regulations, 67 Pa.Code § 175.41(d)(1), also provide that, "[t]he certificate of inspection shall be affixed only after completion of the entire inspection, including the road test." In *Department of Transportation v. May*, 107 Pa. Commonwealth Ct. 583, 587, 528 A.2d 708, 710 (1987), this court interpreted Section 175.41(d)(1) "as requiring that the certificate be affixed *immediately* after the inspection is completed" (emphasis in original).

The trial court, in its opinion, summarized Trooper Langston's testimony that Appellee affixed a certificate of inspection to the dump truck despite numerous blatant violations of the standards set forth in the Vehicle Code. These violations combined with the discrepancy in brake measurements noted by Trooper Langston suggest that an actual inspection was never performed. Even if Appellee did begin to inspect the dump truck, he affixed the certificate before his inspection was complete. Appellee himself ad-

mitted that the dump truck was still not in compliance with inspection standards eighteen days after he issued the certificate. N.T. at 23. The facts are inconsistent with the trial court's ruling that Appellee did not furnish a certificate without an inspection.

Further, the trial court erroneously determined that, because Appellee was still working on the truck, Appellee did not complete the issuance of the certificate. As noted above, Trooper Langston observed an odometer reading which was 55 miles greater than the reading recorded by Appellee. In addition, Appellee testified that, during the eighteen days between the affixing of the certificate and Trooper Langston's audit, the owner of the dump truck removed the vehicle from Appellee's service station. N.T. at 23. Appellee also admitted that, although the owner was only supposed to drive the truck to his home a block away, Appellee had no way of controlling where the owner took the truck once it left the garage. N.T. at 23–24.

■ Because Appellee affixed a certificate to the dump truck and permitted the owner to remove the vehicle from his service station before bringing it into compliance with the Vehicle Code, Appellee furnished a certificate without an inspection. As a result, Appellee is subject to the one-year suspension of inspection privileges provided for in DOT's regulations, 67 Pa.Code § 175.51(a).

■ DOT also contends that the trial court erred by concluding that Appellee's recordkeeping violations were careless rather than fraudulent. Fraudulent recordkeeping occurs when "the recordkeeping entry [is] false, entered intentionally and with the purpose of deceiving." *Department of Transportation v. Midas Muffler Shop*, 108 Pa. Commonwealth Ct. 199, 203, 529 A.2d 91, 93 (1987). We agree with the trial court's conclusion that there is no evidence of record establishing the requisite intent to deceive. Appellee is therefore not guilty of fraudulent recordkeeping.

However, there is no dispute that Appellee entered false information on the TS 431 form. DOT contends that Appellee's conduct constitutes improper rather than careless recordkeeping. In *Department of Transportation v. Cappo,* 106 Pa. Commonwealth Ct. 481, 486, 527 A.2d 190, 193 (1987), this Court defined improper recordkeeping as "not accordant with fact, truth, or right procedure" and careless recordkeeping as "not taking ordinary or proper care." Because the actual brake measurements met inspection standards but were not recorded, N.T. at 17, Appellee is guilty of careless recordkeeping. Since the suspension imposed by DOT for the recordkeeping violations runs concurrent with the mandatory one-year suspension for furnishing a certificate without an inspection, we need not remand for a redetermination of the penalty to be imposed.[1]

Accordingly, we reverse the order of the trial court and reinstate the one-year suspension imposed by DOT.

## ORDER

AND NOW, this 19th day of June, 1990, we reverse the order of the Court of Common Pleas of Philadelphia County, dated August 24, 1989, sustaining the appeal of Rudolph DiMichele. The one-year suspension of inspection privileges imposed by the Department of Transportation, pursuant to 67 Pa.Code. § 175.51(a), for furnishing a certificate without an inspection, is hereby reinstated.

CRUMLISH, former President Judge, did not participate in the decision in this case.

---

1. We note that the minimum penalty for careless recordkeeping is a warning and that the maximum penalty is a six-month suspension. 67 Pa.Code § 175.51(a).