576 A.2d 1186

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant,**

**v.**

**George TUTT t/a G & B Auto Repair, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 19, 1990.

Decided June 22, 1990.

538

Donald H. Poorman, Asst. Counsel, with him, Lawrence R. Wieder, Harold H. Cramer, Asst. Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellant.

Stephen I. Kasloff, Philadelphia, for appellee.

Before CRUMLISH, Jr., President Judge, and PELLEGRINI, J., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Transportation's Bureau of Motor Vehicles (Bureau) appeals to this Court for the reversal of an order of the Philadelphia County Court of Common Pleas revoking the suspension of a certificate of appointment for motor vehicle inspections granted to George Tutt. The Bureau, upon a finding of careless recordkeeping, suspended Tutt's certificate pursuant to 75 Pa.C.S. § 4724, 67 Pa.Code § 175.51. In a *de novo* proceeding, the Court of Common Pleas found that the errors in recordkeeping allegedly committed by Tutt of which the Bureau complained and presented evi-

dence did not constitute careless recordkeeping. We reverse.

On October 31, 1988, Pennsylvania State Trooper, Wilhelm Ohme, a garage inspection supervisor, conducted an annual audit of the motor vehicle inspection records at G & B Auto Repair. Tutt, the owner, operator and certified mechanic at G & B Auto Repairs, was subsequently notified by the Bureau that the audit had revealed irregularities on the basis of which Tutt was being charged with "improper recordkeeping." Upon the conclusion of a hearing before the Bureau, Tutt was found in violation of the Bureau's regulations against "careless recordkeeping." 67 Pa.Code § 175.51. In the *de novo* proceedings in Tutt's appeal from the Bureau's adjudication, the Bureau introduced evidence of fictitious certificates having been issued; a missing void replacement windshield sticker; a pack of 150 stickers used as a group out of sequence with other stickers issued to the station; the omission of an inspection's relevant information (*e.g.* signature of inspecting certified mechanic, date, brake measurements, tire measurements (24a)); illegible and written over records; and inspection logs, also known as MV–431 sheets, which had not been submitted timely to the Bureau. The trial court found that this was not sufficient evidence of careless recordkeeping.

Under the Bureau's regulations, the owner of an inspection station is required to keep current inspection records at the inspection station for examination and audit by the inspection station supervisor and other authorized persons. 67 Pa.Code § 175.29(a)(4). The regulations provide, under the heading "recording inspection" that all report sheets shall contain the *correct* inspection station number, campaign and date, and that the certificates shall be listed in numerical order. 67 Pa.Code § 174.42(d). This same regulation states that fraudulent recording of an inspection report will be considered cause for suspension of inspection privileges. 67 Pa.Code § 174.42(a).

The Bureau's regulations provide for three categories of unlawful recordkeeping by inspection stations—careless,

improper and fraudulent. Each gradation carries a different penalty. For the first offense for careless recordkeeping the penalty is a warning; for improper recordkeeping the penalty is a three-month suspension; and, for fraudulent recordkeeping the suspension is for one-year. 67 Pa. Code § 175.51. The regulations contain no definitions for the terms "careless", "improper" and "fraudulent".

In *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Cappo,* 106 Pa.Commonwealth Ct. 481, 527 A.2d 190 (1987), we adopted a definition of careless with respect to recordkeeping reflecting neglect and inattention. *Id,* 106 Pa.Commonwealth Court at 486, 527 A.2d at 193. In the mistaken impression that we had not defined careless with respect to recordkeeping, the trial court incorrectly relied upon the definition of carelessness as expounded in the criminal law context of careless disregard.[1] The trial court having applied an incorrect standard in evaluating whether or not Tutt's recordkeeping errors were careless, we find reversible error.

Tutt defends his exoneration by the trial court, asserting here as he did in the prior proceeding that because he was charged with improper recordkeeping, he could not be found liable for careless recordkeeping without being deprived of due process. He submits that careless recordkeeping is not a lesser included offense of improper recordkeeping and that consequently he could not be charged with improper recordkeeping and then found liable for careless recordkeeping without his due process rights being violated.

In *Commonwealth of Pennsylvania, Department of Transportation v. Karzenoski,* 96 Pa.Commonwealth Ct.

1. The Superior Court defined carelessness in the criminal law context in *Commonwealth of Pennsylvania v. Podrasky,* 250 Pa.Super. 57, 378 A.2d 450 (1977). In that context, carelessness involves more than mere negligence and more than an absence of care. This definition of carelessness is disimilar to that which is associated with vehicle inspection recordkeeping; in the criminal context, carelessness requires more than negligence while carelessness respecting recordkeeping is evaluated on a negligence standard of ordinary and proper care.

608, 508 A.2d 618 (1980), we held that furnishing an inspection sticker without an inspection and committing a faulty inspection arose in that case from the same underlying conduct and that as charges they differed only as a matter of degree. We then concluded that these charges were not separate and distinct, but rather, that faulty inspection is a lesser included offense of furnishing an inspection sticker without an inspection. *See* 75 Pa.C.S. § 4730; *see also Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Cormas*, 32 Pa. Commonwealth Ct. 1, 377 A.2d 1048 (1977). We proceeded to hold that the reservations of the trial court based on concerns for the due process rights of the appellee were a misapprehension and that it was wholly appropriate to modify the suspension sought by PennDOT so that it would comport with the appellee's admitted violation of faulty inspection. *Karzenoski*, 96 Pa.Commonwealth Ct. at 612–13, 508 A.2d 621.

Here, we find that while Tutt was originally charged with improper recordkeeping, the offense of careless recordkeeping for which he was convicted by the Bureau arose out of the same underlying conduct. Moreover, in our estimation, they are charges which differ only as a matter of degree.

In *Cappo*, we sought to make plain the three degrees of erroneous recordkeeping offenses: fraudulent, improper and careless. 67 Pa.Code § 175.51. Since we had already determined in *Department of Transportation v. Sortino*, 75 Pa.Commonwealth Ct. 541, 462 A.2d 925 (1983), that fraudulent recordkeeping requires an element of fraud or deceit, we proceeded in *Cappo* to define the other two degrees of erroneous recordkeeping. We defined improper as essentially inaccurate or incorrect and careless, as previously discussed, as neglectful or inattentive.

In a similar case to the instant action, *Commonwealth of Pennsylvania, Department of Transportation v. May*, 107 Pa.Commonwealth Ct. 583, 528 A.2d 708 (1987) we considered the question of whether a trial court could entertain PennDOT's request to penalize an inspection sta-

tion owner for improper recordkeeping despite PennDOT's only having initially alleged liability for fraudulent recordkeeping. Relying on the reasoning expressed in *Karzenoski,* we concluded that improper recordkeeping was a lesser included offense of fraudulent recordkeeping and that no due process violation resulted from a finding of liability for this lesser included offense. To establish that fraudulent recordkeeping has occurred, there must be a showing of an intent to exhibit inaccuracies in the records in order to deceive someone and to pass off incorrect information in the records as though correct in order to defraud someone, while to prove improper recordkeeping, a showing that inaccuracies exist or that incorrect information is included in the records is all that is necessary.

■ Employing this same analysis, we now find that careless recordkeeping is a lesser included offense of improper recordkeeping. Inaccuracies and incorrect information find their way into records because of incorrect methods, procedures, and practices in their keeping. That the inaccuracies exist is sufficient proof to find liability. A showing of inadvertence, however, lowers the presence of the inaccuracy to careless recordkeeping and requires that a standard of ordinary and proper care be applied when determining whether negligence has resulted in the inaccuracy.

■ Applying the correct standard, we need only point to Tutt's own admissions that he made mistakes stemming from his being overextended in the running of his business to find substantial evidence in this record consonant with the *Cappo* negligence standard to support liability for careless record keeping. Although the record shows no sign why Tutt should not have known of the correct methods, practices and procedures in his recordkeeping, save his having been educated only through ninth grade, the existence of the irregularities charged by the Bureau are readily supportable as a result of neglect and inattention. We, therefore, find Tutt liable for careless recordkeeping.

544

By finding him liable, Tutt's right to due process has not been violated. Due process is afforded in administrative proceedings when the accused is informed with reasonable certainty of the substance of the charges against him so that he may adequately prepare his defense. *Bureau of Traffic Safety v. Snyder,* 37 Pa.Commonwealth Ct. 359, 365, 391 A.2d 3, 5–6 (1978). Because careless recordkeeping is a lesser included offense of improper recordkeeping, we believe that Tutt was adequately informed that the charge of careless recordkeeping could possibly be lodged against him. *See Karzenoski.* The Bureau's adjudication finding Tutt liable for careless instead of improper recordkeeping did not infringe upon Tutt's constitutional right to due process, and had it done so, the subsequent trial *de novo* surely cured any wrong done to him by this administrative action.

. Accordingly, we reverse the Court of Common Pleas of Philadelphia County, thereby sustaining the Bureau's order suspending Tutt's motor vehicle inspection station certification. Because Tutt had received a warning against further careless recordkeeping in 1986, the suspension as imposed by the Bureau for a second offense is proper.

## ORDER

AND NOW, June 22, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter docketed at No. 1143 of February term, 1989 and dated May 30, 1989, is hereby reversed.