**FIORE AUTO SERVICE, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES.**

**Michael Fiore, Appellant,**

v.

**Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 16, 1998.
Decided Dec. 4, 1998.
Publication Ordered Aug. 5, 1999.

William F. Manifesto, Pittsburgh, for appellant.

Timothy P. Wile and Barbara A. Darkes, Harrisburg, for appellee.

Before McGINLEY, J., SMITH, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Fiore Auto Service and Michael Fiore (collectively Fiore) appeal from an order of the Court of Common Pleas of Allegheny County (trial court), dismissing Fiore's appeals and reinstating the permanent suspension of Fiore's safety inspection certifications as ordered by the Department of Transportation, Bureau of Motor Vehicles (Department). We affirm.

Michael Fiore is the owner and operator of an automobile repair shop, Fiore Auto Service. Fiore Auto Service also does business as Mike's Auto Body. Fiore Auto Service had a certificate of appointment as an official Pennsylvania state inspection station. Michael Fiore was also individually certified as an official safety inspection mechanic. All pertinent information regarding the issuance of inspection stickers, including the vehicle identification number, registration plate, registrant and insurance information, is recorded in a log known as the MV–431.

Following an annual audit by Pennsylvania State Trooper Thomas Cunningham, Fiore was notified that both he and his business were being charged with fraudulent recordkeeping for recording false registration and insurance information in the MV–431.[1] After a hearing, the Department issued two orders dated January 27, 1997. The first order suspended the certificate of appointment of Fiore Auto Service as an official inspection station for one year for the first count and permanently for each of the remaining nine counts of fraudulent recordkeeping, pursuant to Section 4724(a) of the Vehicle Code, 75 Pa. C.S. § 4724(a). The second order suspended the certification of Michael Fiore as an official safety inspection mechanic for one year for the first count and permanently for each of the remaining eight counts[2] of fraudulent recordkeeping, pursuant to Section 4726 of the Vehicle Code, 75 Pa.C.S. § 4726.

Fiore appealed the suspensions to the trial court, which issued a supersedeas of the suspension orders and granted a hearing de novo on the suspensions.[3] At the hearing, the Department presented the testimony of Trooper Cunningham. Trooper Cunningham testified that he found numerous discrepancies in Fiore's MV–431 log. Specifically, Trooper Cunningham testified that he found seven vehicles not owned by Fiore but inspected

1. Included with the offenses of fraudulent recordkeeping were the lesser included offenses of improper recordkeeping and careless recordkeeping.

2. One of the remaining counts of fraudulent recordkeeping was charged against James R. Sheets, an employee of Fiore Auto Service.

3. Fiore filed two separate appeals with the trial court. However, prior to the hearing, the trial court consolidated the appeals.

using Fiore's miscellaneous motor vehicle business (MMVB) registration plates[4] and Fiore's insurance information.[5]

Trooper Cunningham found these vehicles to be owned by seven different individuals, all of whom were either friends, employees or business acquaintances of Fiore. Furthermore, Trooper Cunningham found that several of these individuals had no insurance and/or no proper registration on these vehicles. Trooper Cunningham also testified that he found discrepancies with respect to three vehicles owned by Fiore. Trooper Cunningham found that taxes were unpaid on these vehicles and no registration was to be issued to these vehicles. Yet, Fiore was identified in the MV–431 as the registrant using his MMVB plates.[6]

The Department also presented the testimony of Michael Fiore. Fiore admitted that several of the inspected vehicles belonged to his friends, employees or business acquaintances. Fiore also admitted that he was aware that several of the vehicles in question either had no insurance or no proper registration plate. Fiore testified that he placed his MMVB plates on these vehicles and recorded the corresponding information in the MV–431, repeatedly contending that when one of his MMVB plates is displayed on a vehicle,

Fiore Auto Service is the proper registrant. Fiore also testified that he relied on the expert opinion of Edward Brazier, a retired Pennsylvania State Police inspector supervisor whom he hired as a consultant, in utilizing the MMVB plates for inspection purposes.

Following the hearing, the trial court entered an order dismissing Fiore's appeals and reinstating the suspensions imposed by the Department.[7] The trial court found that Fiore had improperly utilized his MMVB plates to make fraudulent entries in the MV–431 log. Fiore then filed separate appeals with this Court. By order dated June 16, 1998, this Court consolidated those appeals.

On appeal,[8] Fiore argues that the trial court's finding that he improperly utilized his MMVB plates to make fraudulent entries in the MV–431 log was not supported by substantial, clear and convincing evidence. We disagree.

With respect to the burden of proof, Fiore argues that the Department had the burden to establish his fraudulent recordkeeping by clear and convincing evidence. We disagree. In cases involving alleged violations of the Vehicle Code[9] and the regulations interpreting the same, the Department has the burden of proving

4. MMVB plates are special registration plates issued to an owner of a motor vehicle business and used in the conduct of a repair business or for the business owner's personal use. Fiore Auto Service was issued ten MMVB plates.

5. The MV–431 did properly identify the owner of one vehicle, a 1986 Subaru, as William Tedesco. However, the insurance information on this vehicle coincided with Fiore's insurance policy. On another vehicle, a 1985 Mazda, Mike's Auto Body, Inc., was improperly identified as the registrant. Fiore Auto Service was the proper registrant, as the MV–431 identified one of Fiore's MMVB plates as the registration plate.

6. In its brief, the Department acknowledged that there was insufficient evidence to establish fraudulent recordkeeping in reference to the inspection records maintained for the three vehicles owned by Fiore. Consequently,

the Department agreed to withdraw any suspensions imposed for the recordkeeping relating to these three vehicles.

7. The original trial court order dated February 13, 1998, only dismissed the appeal of Fiore Auto Service. However, by order dated February 20, 1998, the trial court amended its original order to include the dismissal of Michael Fiore's appeal as well.

8. Our scope of review in an inspection certificate suspension case is limited to a determination of whether an error of law was committed or whether the findings of the trial court are supported by substantial evidence. *Kelly Buick, Inc. v. Department of Transportation*, 104 Pa.Cmwlth. 1, 521 A.2d 68 (1987).

9. 75 Pa.C.S. §§ 101–9805.

such violations by a preponderance of evidence. *See Kot v. Department of Transportation,* 128 Pa.Cmwlth. 138, 562 A.2d 1019 (1989), *petition for allowance of appeal denied,* 525 Pa. 587, 575 A.2d 117 (1990); *Michael's Motors v. Department of Transportation, Bureau of Motor Vehicles,* 690 A.2d 839 (Pa.Cmwlth.1997).

■■■■■ With respect to the issue of fraudulent recordkeeping, such occurs when an entry in the record, the MV–431, is false, entered intentionally and with the purpose of deceiving. *Department of Transportation, Bureau of Driver Licensing v. Midas Muffler Shop,* 108 Pa. Cmwlth. 199, 529 A.2d 91 (1987); *Department of Transportation, Bureau of Driver Licensing v. DiMichele,* 133 Pa.Cmwlth. 496, 575 A.2d 678 (1990). An entry made to mislead anyone inspecting the record into believing that the record was correct is deceitful. *Midas Muffler.*

In the instant case, Fiore testified that several of the vehicles in question belonged to friends, employees or business acquaintances. (R.R. at 102a–126a). Fiore testified that he was aware that a vehicle needed a license plate and insurance in order to be inspected. (R.R. at 159a–160a). Fiore admitted that he was aware that several of the vehicles in question either had no insurance or no proper registration plate at the time of inspection. (R.R. at 127a–175a). Nevertheless, Fiore testified that he placed his MMVB plates on these vehicles and recorded the corresponding information in the MV–431. *Id.*

Section 1337 of the Vehicle Code, 75 Pa.C.S. § 1337, addresses the use of MMVB plates. This Section provides for the use of MMVB plates in a repair or towing business, a salvage dealer business or for the personal use of the owner of the motor vehicle business. *See* 75 Pa.C.S. § 1337(a)(1), (2) and (6). However, this Section also provides that all vehicles used in any of the aforementioned manners must be titled in the name of the business. 75 Pa.C.S. § 1337(a). Notably, this Section does not provide for the use of MMVB plates for inspection purposes.

In the instant case, none of the vehicles in question were titled to Fiore. In fact, the evidence of record demonstrates that each of the seven vehicles was titled to a different individual. By utilizing his MMVB plates for inspection purposes, we see no other intent on the part of Fiore than to mislead anyone inspecting the MV–431 into believing that the MV–431 was correct. Thus, the trial court's finding that Fiore improperly utilized his MMVB plates to make fraudulent entries in the MV–431 log was supported by substantial evidence.[10]

Accordingly, the order of the trial court is affirmed.[11]

## *ORDER*

AND NOW, this 4th day of December, 1998, the order of the Court of Common Pleas of Allegheny County is affirmed.

■■■■■■■■■■

**10.** We note that Fiore places heavy emphasis on his reliance on the opinion of Edward Brazier, the former Pennsylvania State Police inspector supervisor Fiore hired as a consultant. However, we see little relevance to this fact, as we agree with the trial court that Fiore's reliance on the opinion of Mr. Brazier was at his own risk.

**11.** Fiore also raised an argument in his brief regarding improper and careless recordkeeping, in the event that this Court held that his actions did not rise to the level of fraudulent recordkeeping. However, based upon our determination above, we need not address this argument.